## C. T. Guion *v.* M. Pickett *et al.*

1. POWERS: CONSTRUCTION OF INTENTION OF PARTIES TO GOVERN. — In the construction of powers, the intention of the parties, if compatible with law, must govern: the intention is to be determined from the instrument creating the power.

2. TRUST AND TRUSTEES : APPOINTMENT OF A NEW TRUSTEE. — The power authorizing the appointment of a new trustee should plainly express the conditions on which a new trustee may be appointed, and should embrace every event that would render such appointment necessary.

3. SAME: UNDER WHAT CIRCUMSTANCES NEW TRUSTEE MAY BE APPOINTED. — The appointment of a new trustee under a power cannot be made unless the terms of the power distinctly authorize it in the *particular event* which may have occurred.

4. SAME : CASE IN JUDGMENT. — Deed of trust from W. to C., for the benefit

of P., authorized the *cestui-que* trust to appoint a new trustee in the event of the refusal or neglect of the trustee to execute the trust. C., the trustee, died without executing the trust. *Held*— That the death of C. did not authorize the *cestui-que* to appoint a new trustee, and that one could be appointed only by a court of chancery.

5. CHANCERY PRACTICE : ON MOTION TO DISSOLVE INJUNCTION UPON BILL AND ANSWER, BILL CANNOT BE DISMISSED UNTIL FIVE MONTHS AFTER ANSWER FILED. — On sustaining a motion to dissolve an injunction where the answer denies the statements of the bill, it is improper to dismiss the bill until five months after answer filed, during which period, parties are allowed to take testimony.

ERROR to the Chancery Court of Hinds county. Hon. John Watts, chancellor.

Plaintiff in error filed her bill in the court below, to enjoin defendants in error from selling certain real estate in the city of Jackson. The bill states that in 1860, Charles F. Wergandt purchased the property in controversy from Jane E. Pickett and her husband, Micajah Pickett. That Wergandt, to secure the payment of a note for $800, given for the purchase of the property to Jane E. Pickett, executed a deed of trust to Robert A. Clarke, trustee. That said note had been paid. That subsequently, plaintiff in error had purchased the property. That Robert A. Clarke, had died, and that one James B. Clarke, who pretends to have been appointed trustee in the deed of trust executed by Wergandt, had advertised the lands for sale under the trust deed. That James B. Clarke was not appointed trustee by the deed of trust, nor does said deed contain any authority to any one to appoint him to act, nor has he been appointed by the decree of any court. Prays that James B. Clarke, Jane E. Pickett, and her husband, be made defendants, and that they be enjoined from selling the lands, &c.

An injunction was granted. After the return of process duly executed, James B. Clarke, Jane E. Pickett, and her husband, filed their answer, in which they state : That the note of Wergandt had not been paid, or any part thereof. That the deed of trust authorized the appointment of a new trustee by Jane E. Pickett and her husband, in the event of the refusal or neglect

of the trustee to execute the trust. That the trustee, Robert A. Clarke, had died without executing the trust, and that James B. Clarke had been appointed a new trustee. The answer was filed on the 28th day of April, 1868.

On the 26th day of May, 1868, on motion of appellees previously made, the injunction was dissolved, and the bill dismissed.

*W. & J. R. Yerger* for plaintiff in error.

*J. B. Clarke* for defendants in error.
No briefs of counsel on file.

PEYTON, J., delivered the opinion of the court.

It appears from the record in this case that on the first day of March, 1860, one Charles F. Wergandt made his certain promissory note payable twelve months after that date, to Jane E. Pickett, Micajah Pickett, for the sum of $800. And to secure the payment of said note and interest thereon, the said Wergandt made and executed a deed of trust, bearing even date therewith, by which he conveyed certain real estate, situated in the city of Jackson in this State, to Robert A. Clarke, as trustee, authorizing him to sell and convey the same in default of payment of said note and interest, and apply the proceeds of the sale to the payment thereof, and in case the said trustee shall neglect or refuse to execute the trust reposed in him, then the said Jane E. Pickett may appoint some other person to execute the said trust, who shall have, and execute, all the powers and duties conferred and imposed by said deed of trust, upon the said Robert A. Clarke, trustee as aforesaid.

That the said Robert A. Clark died without executing the trust, and that the said Jane E. Pickett, and Micajah Pickett, her husband, did, in writing, on the 10th day of April, 1868, appoint James B. Clarke trustee, to act in the place and stead of the said Robert A. Clarke, deceased, and that the said James B. Clarke, at the request of said Jane E. Pickett, was proceeding to advertise and sell said property, to pay the amount alleged by

her to be due of principal and interest on said note. When the appellant filed her bill in the Chancery Court of Hinds county for the first district thereof, against Micajah Pickett, Jane E. Pickett, and James B. Clarke, alleging that she had, subsequently to the date of said deed of trust, purchased the said real estate from the said Wergandt, and was the owner of the same, and in the possession thereof; and in her said bill she denies that there is any thing due on said note, and that the said James B. Clarke has any authority to sell said real estate; and prays for an injunction to restrain the said James B. Clarke from selling the same.

The said defendants, in their answer, insist that the said note, and interest thereon, remain wholly due and unpaid, and that the said James B. Clarke, appointed trustee as aforesaid, was fully authorized and empowered to sell and convey said real estate under said deed of trust, to pay and satisfy the amount due of principal and interest on said note.

And on the 28th day of May, 1868, the cause came on to be heard on the motion of the defendants to dissolve the injunction, and dismiss the bill of complaint, on bill, answer, and exhibits; when the court sustained the motion, dissolved the injunction, and dismissed the bill; and from this decree the cause is brought here by appeal.

The main question presented for our decision is, whether Jane E. Pickett had the power under the deed of trust, upon the death of the trustee, to appoint another trustee in his stead, to execute the trust.

In the construction of powers, the intention of the parties, if compatible with law, governs the court. But that intention is to be collected from the instrument creating the power. And with regard to the appointment of a new trustee, the power authorizing it should express plainly the cases in which a new trustee may be appointed, and it should embrace *every event* that can render such appointment necessary,— such as the neglect or refusal of the trustee to act, his death, absence from the country, wish to retire from the office, or incapacity to discharge its duties. Hill on Trustees, 251. The appointment of a new

trustee under a power cannot properly be made, unless the terms of the power clearly and distinctly authorize the appointment in the *particular event* which may have occurred.

In this case, it cannot, with any propriety, be said that Robert A. Clarke, the trustee appointed by the party creating the power, *neglects* or *refuses* to execute the trust, and as by the terms of the power there is no other event which would authorize the appointment of a new trustee by the *cestui-que* trust, we arrive at the conclusion that Jane E. Pickett had no power to appoint James B. Clarke a trustee to execute the trust. But upon the death of the trustee appointed by the party executing the deed of trust, she should have resorted to a court of chancery for the appointment of a new trustee to execute the trust.

The bill of complaint charges that the note, to secure the payment of which the deed of trust was executed, has been paid. This is denied by the answer. In this state of the case, if it had been right to dissolve the injunction, it was certainly wrong to dismiss the bill. Parties are entitled to five months for taking testimony after answer filed, unless the complainant shall admit the answer to be true.

For these reasons, the decree must be reversed, and cause remanded.