### SUSAN H. HARTLEY *v.* MARY O'BRIEN.

POWER. *Appointment of trustee. Personal trust. Void sale.*

A power conferred on a beneficiary in a trust-deed to appoint a trustee, should the person named die, or be unwilling to act, is personal, and cannot be delegated; and where, under such power, an agent of the beneficiary assumes to appoint a trustee, a sale made by him will confer no title, either legal or equitable. *Clark* v. *Wilson*, 53 Miss., 119; *Bonner* v. *Lessley*, 61 *Ib.*, 392.

FROM the chancery court of Quitman county.

HON. W. R. TRIGG, Chancellor.

From a decree sustaining a demurrer and dismissing her bill complainant appeals. The facts are stated in the opinion.

*F. A. Montgomery*, for appellant.

*F. M. Hamblet*, for appellee.

COOPER, J., delivered the opinion of the court.

The decree of the chancellor must be affirmed, for the reason that complainant is not shown to have either a legal or equitable title to the land in controversy.

On the eighteenth day of March, 1891, the appellee and her husband executed a conveyance of the land to one W. S. Turner, as trustee, to secure a debt, therein described, to M. Gavin & Co. The deed contained a power of sale, if default should be made in the payment of the debt secured, and, also,

a provision that, if the trustee should die, or become unable or refuse to execute the trust, then M. Gavin & Co. should have power to appoint another trustee, who should have the same power as the said Turner.

Default was made by the grantors, whereupon Turner, the trustee, advertised the lands for sale under the provisions of the deed, but failed to appear to make the sale, whereupon John A. Cooper was appointed as substituted trustee by one J. S. Montgomery, professing to act as the agent and attorney in fact of M. Gavin & Co. Cooper proceeded to make the sale, and the lands were bid in by or for M. Gavin & Co., who received a conveyance thereof from said Cooper, and afterwards conveyed the lands to Montgomery, who conveyed them to complainant. It thus appears that the title asserted by complainant rests upon the conveyance from Cooper, the person attempted to be appointed by Montgomery as trustee, under the power of appointment contained in the deed of trust.

The appointment of Cooper by Montgomery was a nullity, and conferred no power on him to make sale of the land. The power conferred on Gavin & Co. by the grantors in the deed of trust, was in the nature of a trust, and, it is well settled, is personal to the donee, and cannot be delegated to another. *Delegatus non potest delegare.* 1 Perry on Trusts, §§ 294–511; 1 Sugden on Powers, 266; *Clark* v. *Wilson,* 53 Miss., 119; *Bonner* v. *Lessley,* 61 *Ib.,* 392. .

*Affirmed.*