H. C. CAREY ET AL. *v.* J. W. FULMER ET AL.

| 74 | 729 |
|----|-----|
| f88 | 76 |
| f88 | 304 |

1. EVIDENCE.  *Writings.  Copy of copy.*

    A copy of a copy of letters cannot be used in evidence over objection.

2. DEED OF TRUST.  *Trustee.  Appointment of substitute.*

    Unless specially authorized by the terms of the instrument, a trustee in a deed of trust is unauthorized to appoint another to act in his place.

3. SAME.  *Abandonment of trust.  Equity jurisdiction.*

    If a trustee in a deed of trust abandons the trust, a court of equity may enforce the trust at the suit of the beneficiary.

4. SAME.  *Effort to sell for more than was due.  Injunction.*

    If an effort be made under a deed of trust to sell the property for largely more than the sum due, an injunction may properly be issued.

5. CHANCERY PRACTICE.  *Amendment.*

    In a suit to enjoin a sale under a deed of trust, on the ground that nothing was due when the deed was executed and that it was obtained by fraud, where defendants filed a cross bill to enforce the deed, it is error not to allow complainants to amend the bill so as to show that the debt claimed by the holder of the deed was made up of usury and other improper charges.

FROM the chancery court of Panola county.

HON. T. B. KIMBROUGH, Chancellor.

The facts are stated in the opinion.  Both parties appealed.

*P. H. Lowrey*, for appellants and cross appellees.

We contend that the evidence shows that the agreement to accept $5,000 in full for the assets, and in settlement of M. J. Carey's debts, was made, and that it was a valid and binding agreement; if so, then beyond all controversy, there was nothing due defendants when the $1,200 note was given, and it is with

out consideration and void, as nothing has been advanced on it, all advances since that time having been paid for by M. S. Woodcock. If we are wrong in this contention, still, when all improper, unjust, illegal and extortionate charges and demands are disallowed, there is no balance due to defendants.

The effort by J. D. Fulmer, trustee, to appoint a trustee in his stead, while not a good substitution of the trustee in the deed of trust, was, to say the least of it, an abandonment of the trust by himself, and was ground for an injunction against a foreclosure by him.

The copies of copies of letters attached as exhibits to J. W. Fulmer's deposition should have been struck out on complainant's motion. They, together with the testimony based on and in explanation of them, constitute the bulk of the defense's evidence, and they are clearly incompetent. The rule that copies of written instruments are inadmissible where the original is unaccounted for, and that notice must be given the adverse party to produce papers in his possession, applies as well to letters as to other writings. 1 Greenleaf on Evidence, 15 Ed., 116, and note 6; 1 Taylor on Evidence, p. 476. Besides this objection, they are, or pretend to be, copies of press copies, and if copies are to be offered at all, the press copies, which were in possession of the witness, should have been attached to the deposition. A still further objection is, that one of these letters was not written by the witness, and he claims no personal knowledge of it, of its contents or its transmission to complainants. 1 Taylor on Evidence, p. 476.

*St. John Waddell,* for appellees and cross appellants.

Complainants by their proposed amendment sought to change the entire ground of their attack on the trust deed and note, and alleged an entirely new state of facts than that originally alleged. The court did not err in refusing to permit them to amend their bill. Neither an amended or supplemental bill, proposing to change the frame and character of the original

bill, should be allowed.   *Clark* v. *Hulls*, 31 Miss., 520; *Miazza* v. *Yerger*, 53 Miss., 135.

With the testimony before him, the chancellor in the court below found the facts to be that the note had not been paid, and that it was not void for want of consideration, as claimed in said bill; and we respectfully submit that the decree of the court below, when founded upon a question of disputed facts, will not be disturbed by this court, unless it clearly appear from the record that the decree is rendered against the preponderance of evidence, or under a misconstruction of the law of the case, therefore the decree of the court below, on the direct appeal, should be affirmed.   *Davis* v. *Richardson & May*, 45 Miss., 510; *Apple* v. *Ganong*, 47 Miss., 196; *Partee* v. *Bedford*, 51 Miss., 84.   It was probably erroneous to make Mrs. Woodcock a defendant to the cross bill filed by defendants with their answer, but she was the only person who could take advantage of that error.   For cross appellants we contend that the court below erred in not dissolving the injunction.   After the decree the trust deed could only be foreclosed for the balance of the trust deed debt, after crediting thereon the amount in the hands of Fulmer, assignee, to the credit of the Woodcock account, which was adjudged by said decree to go as a payment on the trust deed debt.   Under § 572, of the code of 1892, cross appellants were, if the injunction be dissolved, entitled to damages, and we ask that the decree of the court be reversed as to that portion of it which refused to dissolve the injunction, and that the court enter a proper decree here, dissolving the injunction and awarding statutory damages.

Argued orally by *P. E. Lowrey* for appellants and cross appellees, and by *St. John Waddell* for appellees and cross appellants.

STOCKDALE, J., delivered the opinion of the court.

H. C. Carey and M. J. Carey exhibited their bill of complaint in the chancery court of Panola county to the February,

1895, term of said court, against J. W. Fulmer, J. J. Thornton, and J. D. Fulmer, defendants, to enjoin the sale of their homestead in the town of Courtland, in said county (described in the bill), under a deed of trust given by them to J. D. Fulmer, trustee, for Fulmer, Thornton & Co., of Memphis, to secure a note of the same date (April 19, 1892), for $1,200, payable by them to Fulmer, Thornton & Co., on January 1, next after date. · J. D. Fulmer, trustee of said deed, appointed B. R. Miller trustee in his stead, or attempted to do so, on February 18, 1895; and said property described in the trust deed was advertised to be sold under said deed on the nineteenth day of February, 1895, and plaintiffs enjoined the sale.   Complainants allege in their bill, as grounds for injunction, that M. J. Carey, on the sixth day of December, 1889, and for many years prior thereto, was engaged in merchandising, and had dealings for many years with Fulmer, Thornton & Co., commission merchants and cotton factors of Memphis, Tenn., and had become indebted to them in a sum of between $7,000 and $8,000.   That on the sixth of December, 1889, Fulmer, Thornton & Co. sued out an attachment against M. J. Carey for that debt, and levied it upon her store and assets, and garnisheed her debtors.   On January 11, 1890, the stock of goods was sold by the sheriff, by consent of all parties, for $500, Fulmer, Thornton & Co. becoming the purchasers.   That Fulmer, Thornton & Co. further agreed with M. S. Carey, daughter of complainants, who was represented by complainant, H. C. Carey, to take $5,000 for their debt, and give M. J. Carey a full acquittance of all demands, including a deed of trust on complainants' homestead, giving time to M. S. Carey to make said amount out of said goods and assets, and, in pursuance of that agreement, did turn over to M. S. Carey all of said goods and assets, and all accounts and property belonging to said business.   M. S. Carey carried on said business, being represented by her father, H. C. Carey, still doing business with Fulmer, Thornton & Co., they keeping the account in the name

of M. S. Carey until she married Mr. Woodcock, and then in the name of M. S. Woodcock. That on the nineteenth day of April, 1892, Fulmer, Thornton & Co. claimed that there was due them, under the last mentioned agreement, about $1,200, and said they would enforce a deed of trust they then held on complainants' homestead, unless complainants would execute a new note and trust deed to secure $1,200. Complainants did not at that time know whether there was any balance due defendants, having had no itemized account, but upon the most solemn promise of defendants that they would furnish a correct itemized statement, and only hold complainants for the amount found to be due defendants, complainants executed the said note of $1,200 and said trust deed. That, in point of fact, at the time said note and trust deed were executed, the whole debt of Fulmer, Thornton & Co. had been paid and overpaid, and nothing was due them either by complainants or M. S. Woodcock (Carey), and the said note and trust deed were without consideration and fraudulent and void, and that defendants refuse to make them an itemized account or statement after repeated demands, and they pray for a perpetual injunction.

Defendants answered said bill, denying all its allegations as to the alleged agreement on their part to accept $5,000 for their debt, but averred that the property was turned over to M. S. Carey upon an agreement that their whole debt (about $7,000) should be paid, and that it had been reduced by payments, up to April 19, 1892, to $1,366.62, and that they then had a full settlement with complainants and M. S. Woodcock, who had then a statement made by defendants, and understood it, and agreed to the settlement and to the correctness of that balance, and paid it, by giving the said $1,200 note, secured by said trust deed, making said note mature January 1, 1893, drawing no interest until maturity, leaving $166.62 unpaid, to which was added the amount of interest that would have accrued on said $1,200 (had it drawn interest from date), $64, making $130.62, and to pay that the storehouse and lot

of complainants were conveyed to defendants.   The defendants made their answer a cross bill, and prayed for foreclosure of said deed of trust to pay said note, making the said M. S. Woodcock a party defendant thereto, with complainants.   The said defendants in the cross bill, including M. S. Woodcock, answer the cross bill, and in it set up matters not contained in the bill of complaint.   Defendants (cross complainants) excepted to certain parts of the answer, some of which exceptions were sustained.   Complainants (defendants to cross bill) moved the court to allow them to amend their bill of complaint as follows:   "Complainants move the court to allow them to amend their original bill by inserting the allegations concerning the giving of the $2,000 note and deed of trust and the giving of the $1,200 note and deed of trust, which were by the court struck out of their answer to defendant's cross bill at the last term of the court," which motion was opposed by defendants and disallowed and overruled by the court.   Thereupon the cause was tried upon a large amount of conflicting testimony, consisting of depositions and oral testimony delivered in open court, and a decree rendered on February 29, 1896 (the cause having been, by consent, taken under advisement), by which decree the court found that said $1,200 note was a valid and subsisting indebtedness; that the amount of $729.13 to the credit of M. S. Woodcock in the hands of Fulmer, Thornton & Co., be credited on said note as a payment thereon; that the balance due on said note to J. D. Fulmer, assignee, is $731.82, after adding attorney's fees in this case, the injunction retained on account of defendants not having put said credit on the note, but attempting to collect the whole amount thereof, and that defendant, J. D. Fulmer, assignee, pay half the costs of the proceeding; that the assignee, J. D. Fulmer, is entitled to foreclosure, and, if money not paid in sixty days, the property be sold.   From this decree H. C. and M. J. Carey appeal to this court, and the defendants (complainants in the cross bill) appeal from that part of the said

decree refusing to dissolve, but retaining, the injunction and decreeing that defendants pay half the costs of said cause. Appellants assign as errors the following:

1. The court erred in sustaining defendant's exceptions to the answer to the cross bill, and in striking out a part of said answer.

2. The court erred in overruling complainants' motion for leave to amend their original bill.

3. The court erred in refusing to strike out the copies of letters filed as exhibits to the deposition of J. W. Fulmer.

4. The court erred in the findings and orders in the final decree: (*a*) That the $1,200 note was a valid and subsisting debt, and that it has not been paid; (*b*) that the account kept in the name of M. S. Woodcock was, in fact, the account of M. J. Carey; (*c*) that there was a balance of $665.32 due defendants on said note; (*d*) that complainants are liable for defendants' attorney's fee in this case.

5. The court erred in failing to find and decree: (*a*) That the $1,200 note is fraudulent and void and without consideration; (*b*) that the injunction was properly sued out, because of the substitution of Miller, as trustee, in the deed of trust, and because there was no valid and subsisting debt due by complainants to defendants; (*c*) that the balance in the hands of the defendants belonged to M. S. Woodcock, defendant in the cross bill, and in failing to decree that same be paid to her by J. D. Fulmer, trustee; (*d*) that an account be taken and stated between the parties, wherein complainants should have been allowed credits for amounts charged to complainants by defendants for their attorney's fees, and for commissions on cotton not shipped, and for usury and interest on amounts paid.

The third assignment of error complains of the action of the court below, in refusing to strike out copies of letters from the depositions of J. W. Fulmer. It is clear that some of said exhibits ought to have been stricken out. Certainly, a "copy of a copy" of letters cannot be used as evidence over objections.

However, H. C. Carey, the manager of that business through all the years of its existence, testified in the case, at length, in open court, in presence of the chancellor, and he acknowledged writing some of those letters, and thought his son wrote some. Only the substance of his testimony is reported, and it is not clear how far this assignment can legitimately prevail.

There was a large amount of testimony—oral, written, and documentary—before the chancellor. He took the case under advisement, and seems to have considered the whole case carefully, and his judgment is entitled to weight, and we do not discover sufficient cause to disturb his finding on the facts, that the said $1,200 note of complainants to Fulmer, Thornton & Co., was a valid and subsisting debt. This view disposes of the third assignment, and notes (a) and (c) under fourth assignment, and notes (a) and (b) under fifth assignment. Note (d), under assignment four, is met by the fact that the deed of trust involved in this controversy provides for the payment of attorneys' fees.

The objections raised in fourth assignment, note (b), and in note (c) in fifth assignment, complaining of the action of the court below, in holding that the account of M. S. Woodcock was, in fact, the account of M. J. Carey, and failing to decree that the same should be paid to her, are without practical importance in this case, in view of the fact that Mrs. M. S. Woodcock and the complainants joined in the request (by their answer to the cross bill) or agreement, that if, upon a hearing, it should be made to appear that anything is due to cross complainants on the $1,200 note, then the said sum to the credit of M. S. Woodcock, or a sufficiency thereof to cover the amount that may be found to be due, be placed to the credit of said note.

The attempt of J. D. Fulmer to appoint one Miller trustee in the trust deed in question, was a void act; and even if such attempt were held to be an abandonment of the trust, the court had power to enforce and foreclose the deed for any sum due on the note, as prayed for in the cross bill.

The first and second assignments, and section (d) of fifth assign-

ment, may be considered together. We think the complainants ought to have been allowed to amend their bill of complaint so as to allege and prove, if they could, that a portion of the charges against complainants, by Fulmer, Thornton & Co., and which entered into the settlement in the course of the business transaction between the parties, consisted of usury, and compounded interest and attorneys' fees paid, and expenses incurred by Fulmer, Thornton & Co. in the prosecution of the attachment suit against M. J. Carey. If such items entered into the account and formed part of the charges of Fulmer, Thornton & Co. against complainants or M. S. Woodcock, and entered into the settlement, they lessen, to that extent, the amount really due M. S. Woodcock, in the hands of Fulmer, Thornton & Co. Had those items been added—as they should have been—to the amount admitted to be due M. S. Woodcock, in the hands of Fulmer, Thornton & Co., they would have swelled the amount to be credi ed on the $1,200 note, and decreased the amount to be paid thereon by complainants.

And it is no matter whether those illegal charges occurred in the transactions of Fulmer, Thornton & Co. with complainants or M. S. Woodcock, seeing that the account of M. S. Woodcock is held to be the account of M. J. Carey, and that all parties agreed that whatever was due M. S. Woodcock should be credited on said note.

We find no error in those parts of the final decree complained of by the cross appeal. Cross complainants undertook to enforce their trust deed for more than twice the amount due them, and they were properly enjoined from that, and the costs properly apportioned.

The action of the court below in overruling complainants' motion for leave to amend their bill of complaint is overruled, and the order thereon vacated and set aside so far as to allow complainants to amend their bill, and leave is here granted to complainants to amend their bill by alleging therein all the allegations contained in the answer of themselves and M. S. Wood-

cock to the cross bill concerning charges in the account and transactions of Fulmer, Thornton & Co. with complainants and M. S. Woodcock, of usurious and compound interest and attorney's fees and expenses for prosecuting the said attachment against M. J. Carey. We are satisfied with the final decree in the court below, except as to the matters stated herein, and as to such matters it must be modified according to the findings of the court on the hearing of the cause on the amended bill and pleadings incident thereto.

The final decree in the court below is reversed and vacated to the extent indicated in this opinion, and said decree is affirmed as to matters complained of by the cross appeal.

*The cause is remanded for further proceedings in accordance with the views expressed in this opinion.*