## WILLIAM McNEILL *v.* WILLIAM D. LEE ET AL.

1. **DEED OF TRUST.**  *Substituted trustee.   Power of appointment.*

   Authority to appoint a substituted trustee under the terms of a deed of trust is a strict power, and can only be exercised upon the happening of the precise event specified in the deed.

2. **SAME.**  *Void appointment.   Effect of.*

   Where a deed of trust empowered the beneficiary to appoint a substituted trustee if for any cause the trustee named " should not be present, able, and willing to execute the trust," the appointment of a substitute, the trustee being " present, able, and willing to execute the trust," is void, and does not affect the rights of the trustee to act and make sale under the deed.

3. **SAME.**  *Power to sell is power to convey.*

   Power in a trustee to sell lands, although by the terms of the deed of trust the legal title is invested in the beneficiary, authorizes the trustee to convey to the purchaser.

4. **CHANCERY PRACTICE.**  *Exhibits.   Code* 1892, *§* 528.   *Demurrer.*

   Under code 1892, § 528, making an exhibit to a bill in equity a part thereof, if an averment of the bill be contradicted by the exhibit (no explanation being made of the contradiction) the fact will be taken on demurrer, to be in conformity with the exhibit.

From the chancery court of, second district, Hinds county.

Hon. Henry C. Conn, Chancellor.

McNeill, the appellant, was complainant in the court below; Lee and others, the appellees, were defendants there. From a decree sustaining a demurrer to the bill of complaint and dismissing the suit, the complainant appealed to the supreme court. The opinion fully states the case.

*Wells & Wells*, for appellant.

It will be noted that the deed executed by McNeill was direct to Lee, investing him with the legal title to the lands, and that Willis was simply given a power of sale. This power of sale did not authorize Willis to convey the legal title, which was in Lee. Willis might have negotiated a sale, but it was necessary to the cutting off of the equity of redemption that Lee should have confirmed it by executing a deed conveying the legal title. Willis could, by his deed, convey only what was invested in him, and he had only a power of sale. *Sanders* v. *Cassidy*, 86 Ala., 248; *Bernard* v. *Duncan*, 38 Mo., 181; *Donohue* v. *Chase*, 130 Mass., 137. And it is held in this state that the legal title must be in the trustee when he sells. *Doe* v. *Robinson*, 24 Miss., 688. See also *Woods* v. *Rozelle*, 75 Miss., 793; *Fowle* v. *Merrill*, 10 Allen (Mass.), 350; *McNeill* v. *O' Conner*, 3 Col. App., 113; *Re* Hudson, etc., 35 Eng. Chy. Div., 668; Perry on Trusts (4th ed.), sec. 602 (*i*), (*j*), (*k*), (*aa*); code 1892, § 2444, which seem confirmatory.

A trustee conveys only the title vested in him by the trust deed, and the purchaser takes notice of the title as it stands in the trustee. 2 Jones on Mortgages, sec. 1889; *Seimens* v. *Schrader*, 88 Mo., 23; *Hospes* v. *Almstedt*, 13 Mo. App., 270; *Bateman* v. *Burr*, 57 Cal., 183; *Devin* v. *Handerslate*, 32 Ia., 193; *Wernecke* v. *Lamb*, 71 Ill., 93; *Green* v. *Gaston*, 56 Miss., 752; *Catlett* v. *Bacon*, 33 Miss., 269; *Hill* v. *Boyland*, 40 Miss., 640; *Harlow* v. *Mister*, 64 Miss., 25.

Lee, the beneficiary, having, before the pretended sale made by Willis, appointed another, under the terms of the deed in trust, as substituted trustee, all power was gone from Willis. Lee is estopped to deny the validity of the appointment made by him. Herman on Estoppel, secs. 1038, 1039, 1040. The erasure of the writing, indorsed on the deed appointing a substituted trustee, did not and could not alter its effect. *Adams* v. *Mills*, 71 Miss., 150. There was no power in the deed to appoint successive trustees. But, we submit, the decree appealed from must be reversed, because the bill alleges that there never was any default in payment on McNeill's part authorizing any trustee to sell. This averment, of course, was admitted by the demurrer.

*J. M. Shelton*, for appellees.

By conferring power of sale on Willis, McNeill gave him power to convey the land, else the power of sale was nugatory. Pingrey on Mortgages, secs. 1332, 1405; *Alexander* v. *Caldwell*, 61 Ala., 543; *Brisbane* v. *Stoughton*, 17 Ohio, 428; Perry on Trusts (4th ed.), sec. 602(*g*); 26 Am. & Eng. Enc. L., 187; *Hunter* v. *Wooldent*, 55 Tex., 433; *Fogarty* v. *Sawyer*, 17 Cal., 592; *Williams* v. *Otey*, 8 Hum. (Tenn.), 568; *Vallentine* v. *Piper*, 22 Pick. (Mass.), 75; *Lindley* v. *O'Reilly*, 50 N. J. (Law), 636; *Long* v. *Stansel*, 106 Ala., 389; Jones on Mortgages (4th ed.), sec. 1889. A careful reading of *Woods* v. *Rozelle*, 75 Miss., 782, relied upon by appellant, will disclose that it is really an authority in our favor; we count upon it.

The point made by appellant to the effect that the decree appealed from should be reversed because of the averment of the bill that Lee had not made default in the payment of the debt, is without merit. The instrument to be construed was executed in March, 1890, and the sale did not take place until more than five years thereafter. The trustee's deed is an exhibit to the bill, and, under our statute (code 1892, § 528,) is

a part of the bill, and it states affirmatively that the debt was due and unpaid at the date of the sale, and the original note, a part of said exhibit to the bill, shows on its face that it matured long before the sale. The bill stood, therefore, on demurrer as if it contained contradictory averments on the subject, and, of course, the pleading is to be construed strictly against the pleader.

There can be no merit in the contention than an ineffectual and void effort by Lee to appoint a substitute trustee deprived Willis of the power of sale.

Argued orally by *W. Calvin Wells*, for appellant, and by *J. M. Shelton*, for appellee.

TERRAL, J., delivered the opinion of the court.

On March 15, 1890, William McNeill executed his note to W. D. Lee for $408.47, payable October 15, 1890; and to secure the same he executed a deed of trust on certain lands therein described, by which he conveyed said land to W. D. Lee, Sr., and therein appointed A. J. Willis trustee to sell said land in default of payment of said debt. Said deed of trust authorized said Lee to appoint another trustee in place of Willis, if for any cause he should not be present, able, and willing to execute said trust. The property, on due notice, was sold by Willis, to the beneficiary (Lee) for $40, and a conveyance of it was made by Willis to Lee. This bill is filed to annul the conveyance of said land by Willis to Lee, and for redemption. A demurrer to the bill was sustained, and complainant appeals.

The proceedings under the deed of trust are attacked upon three grounds: (1) Because Willis, trustee, is said to have lost his power to make said sale; (2) because the bill demurred to alleges that there was no default on the part of McNeill in the payment óf said debt; (3) because no title to the land was vested in Willis.

1. The sale of the property by Willis was made on June 10, 1895; and the bill alleges that on February 9, 1893, W. D. Lee, Sr., appointed his son, W. D. Lee, Jr., as substituted trustee, and for that reason the sale of the land by Willis was void. The authority to appoint a substituted trustee under a stipulation contained in a deed of trust is a strict power, and such an appointment cannot be made, except upon the happening of the precise event specified in such deed. *Guion* v. *Pickett*, 42 Miss., 77. Hill on Trustees says: "No person interested could be advised to rest satisfied with the appointment of a new trustee under a power unless the terms of the power clearly and distinctly authorized the appointment in the particular event which may have occurred." Hill on Trustees (4th ed.), *190; *Guion* v. *Pickett*, 42 Miss., 80; 2 Perry on Trusts (4th ed.), sec. 602(*g*). The deed in this case only authorized Lee to appoint a new trustee should Willis not be present, able, and willing to execute the trust; and here Willis is not only present and willing, but actually executed the trust in compliance with the authority vested in him. The attempted appointment of W. D. Lee, Jr., as trustee, by W. D. Lee, Sr., in February, 1893, was ineffectual for any purpose. It did not serve to remove Willis, or to diminish his authority in any respect. It was a void act, and the sale was properly made by Willis.

2. The bill alleges that there had been no default when the sale was made, but the deed of conveyance by Willis to Lee is made an exhibit to the bill, and it recites that default had occurred in the payment of the debt; and the rule is settled here that where the statute makes an exhibit a part of the bill, and it is contradictory to some allegation of the bill, the fact will be taken to be as stated in the exhibit. *House* v. *Gumble*, 78 Miss., 259 (29 So. Rep., 71).

3. The sale of the land by Willis and a conveyance of it to the purchaser was entirely competent. The deed of trust of McNeill conveyed the land to Lee, and so the legal title was in Lee; but Willis was appointed trustee, with the power to sell,

and the power to sell included the power to convey in pursu-
ance to a sale made; for, in respect to land, which can be con-
veyed only by writing, the power to sell carries with it the
power to convey, otherwise the power would be inoperative.
2 Perry on Trusts (4th ed.), sec. 602(*g*); 2 Ping. on Mortg.,
sec. 1405; *Fogarty* v. *Sawyer*, 17 Cal., 589, 592. In *Moore* v.
*Lackey*, 53 Miss., 85, a power, in one who had no title or in-
terest in the land, to sell and convey the same in certain events
was held to be good. We reaffirm the principle, to the extent
involved here—that is, the right of Willis to sell the land con-
veyed by McNeill to Lee—and further hold that the power in
Willis to sell the land included a power to convey it; for other-
wise the power to sell would be an idle stipulation, which can-
not be imputed as the intention of the parties. The intention
of the parties must be made effectual, if consistent with law,
and the power to sell land must be ineffectual unless the sale is
followed by a conveyance.

*Affirmed.*