WEBB *v.* BILES *et al.*

(In Banc. Feb. 9, 1942. Suggestion of Error Overruled March 23, 1942.)

[6 So. (2d) 117. No. 34782.]

W. W. Venable, of Clarksdale, for appellant.

Dan C. Brewer, of Clarksdale, for appellant.

Bell & McBee, of Greenwood, for appellees.

Supplemental brief on suggestion of error by **O. L. Kimbrough**, of Greenwood, for appellee.

Argued orally by **Dan C. Brewer** and **W. W. Venable**, for appellant, and by **A. H. Bell**, for appellees.

**Roberds, J.**, delivered the opinion of the court.

The bill in this case seeks to set aside two sales of lands under trust deeds executed by appellant, complainant below, to the Federal Land Bank of New Orleans, and some seven years after such execution transferred and assigned by said bank to appellee, Biles, who was the purchaser at the sales. The sales were by a trustee substituted by Biles for no stated reason other than his desire, and in the exercise of his option, so to do. Complainant makes the contention, among others, that Biles had no such right or power; that the appointment was invalid; the sales illegal, and conveyed to Biles no title to the land. She offers to pay any indebtedness found to be owing by her and to do equity, and seeks an accounting of rents and profits. A general demurrer was sustained and the bill was dismissed by the chancery court.

The provision reads: "The said bank, or any holder of said indebtedness, if a person, acting personally, if a corporation, acting by and through its president, vice-president or secretary, or other managing authority, is hereby fully authorized and empowered to appoint another and succeeding trustee in place of the said above named trustee or his successors, if for any cause the trustee in this instrument, or his successors, shall not be present, able or willing to execute this trust, or if for any reason, said holders acting by and through the above described officers, or any one of them, should so desire, and such appointee shall have full power as trustee herein."

The specific question is whether the phrase "or if for any reason, said holders acting by and through the above described officers, or any one of them, should so desire," confers upon an individual the power to substitute a trustee at his option, or whether that phrase limits that right to corporate holders.

A review of the rules announced by this court will be helpful in deciding this question. In Guion v. Pickett, 42 Miss. 77, the deed of trust provided that if the trustee should neglect or refuse to act, the beneficiary might appoint another. The named trustee died. The beneficiary appointed one Clarke. The court held that the beneficiary had no power to substitute a trustee in this case, that it could not be said that the original trustee, who had died, had neglected or refused to execute the trust. The court said: "In the construction of powers, the intention of the parties, if compatible with law, governs the court. But that intention is to be collected from the instrument creating the power. And with regard to the appointment of a new trustee, the power authorizing it should express plainly the cases in which a new trustee may be appointed, and it should embrace every event that can render such appointment necessary,—such as the neglect or refusal of the trustee to act, his death, absence from the country, wish to retire from the office, or incapacity to discharge its duties. Hill on Trustees, 251.

The appointment of a new trustee under a power can-. not properly be made, unless the terms of the power clearly and distinctly authorize the appointment in the particular event which may have occurred.''

In the case of Clark v. Wilson, 53 Miss. 119, the deed of trust provided that if the trustee should ''fail from any cause to act,'' the beneficiary might appoint another. The beneficiary went into bankruptcy, and the trustee in bankruptcy undertook to make an appointment. The court held that the trustee in bankruptcy had no power to make an appointment. The court said: ''The law does not supply the cestui que trust with such power. He does not have it, unless he stipulates for it with the grantor. Nor can those who take by succession from him, as the executor or administrator, make an appointment, unless they are expressly authorized by the grantor to do so. Hill on Trustees, 183; 1 Sugden on Powers, 145; Bradford v. Belfield, 2 Sim. 264. When the power is granted, it should designate the person by whom, as well as the event or circumstances upon which, it may be exerted. If a person not named, or distinctly described by his office or character, makes the appointment, or if the circumstances do not warrant the new appointment, or there be serious irregularity in executing the power, in all these cases the acts done by the appointee will be invalid; and the original trustee will not be exonerated or discharged. Hill on Trustees, 189; Guion v. Pickett, 42 Miss. 77.''

In Sharpley v. Plant, 79 Miss. 175, 28 So. 799, 89 Am. St. Rep. 588, where the deed of trust provided that the appointment of the trustee should be under the hand and seal of the beneficiary, the court held this must be done even though private seals had been abolished in this state.

In McNeill v. Lee, 79 Miss. 455, 30 So. 821, 822, the deed of trust provided a trustee might be substituted if the original trustee should not be present, able and willing to execute the trust. The named trustee was present, able and willing to act. The beneficiary appointed

another. The attempted appointment was void. The court said the power to appoint a trustee "is a strict power, and such an appointment cannot be made, except upon the happening of the precise event specified in such deed."

In Allen v. Alliance Trust Company, 84 Miss. 319, 36 So. 285, the court held that the attorney in fact of the beneficiary could not appoint a trustee where the provision was for the appointment "by the beneficiary or any holder of the notes secured or their legal representatives." This provision authorized the appointment at the option of the holder or legal representative. The court held that the sale was void and no title passed.

To the same effect was the holding in the case of Watson v. Perkins, 88 Miss. 64, 40 So. 643; the court saying the power was personal and could not be delegated to another, citing Allen v. Alliance Trust Co., 84 Miss. 319, 36 So. 285; Carey v. Fulmer, 74 Miss. 729, 21 So. 752; Hartley v. O'Brien, 70 Miss. 825, 13 So. 241.

In Jones v. Salmon, 128 Miss. 508, 91 So. 199, 200, the deed of trust provided that if "from any cause [the named trustee]. should fail or refuse to act as such when thereto requested . . ." the beneficiary or holder of the notes could appoint another. The named trustee died. The instrument appointing another trustee recited that the original trustee was not able and willing to execute the trust. The court held this substitution was good, and distinguished this case from the Guion case, supra, where the right existed if the named trustee "shall neglect or refuse" to act, saying that " 'fail or refuse' is more comprehensive than 'neglect or refuse;' " that one who is dead cannot refuse and neglect to act. The court reannounced the rule of strict construction of the power to substitute a trustee, but said the doctrine had been extended far enough in the Guion case. It will be noted that Judge Ethridge dissented in the Jones case, and said the same rule should be applied in that case as was applied in the Guion case.

In Powers v. Interstate Trust Banking Company, 163 Miss. 30, 139 So. 318, 319, the deed of trust provided the beneficiary might appoint a trustee should the named trustee "not be present or not be willing or not be able to act as trustee." The appointment was by an assignee of the deed of trust and recited "hereby appoint and substitute Clay B. Tucker as trustee instead and in place of D. C. Bramlette named in said mortgage." The court held that only the named beneficiary could appoint, the right did not pass by law upon the assignment of the deed of trust, and that the instrument appointing the trustee should have recited the happening of the event upon which the power could be exercised. The case quotes at length from the Guion case, supra, and then said: "This court has uniformly held that the power of appointing a substituted trustee is to be strictly construed. West v. Union Naval Stores Co., 117 Miss. 153, 77 So. 961; Bonner v. Lessley, 61 Miss. 392; and McNeill v. Lee, 79 Miss. 455, 30 So. 821."

In McLendon v. McGee, 189 Miss. 712, 198 So. 725, the deed of trust provided that the appointment might be made if the named trustee was not present, able and willing to execute the trust, or if for any reason the holder of the indebtedness should so desire. The instrument appointing another trustee did not specify the reason therefor. It was contended that the sale was void, but the court said where the right to appoint was optional, as in this case, and the option was exercised, the court would presume there was a reason, and if it were necessary to show the reason, the burden would be upon the complainant to prove the non-existence thereof.

A fair summary of the rules and principles of law from the foregoing cases is: (1) That there is no inherent right in a beneficiary in a deed of trust to substitute a trustee, even though the names trustee should die, resign or be unable to act, nor does the law supply such rights. The right and power must be expressly conferred. (2) And, if expressly conferred upon the beneficiary, the right

does not follow and attach to those who succeed him, such as his legal representative, assignee, or trustee in bankruptcy, unless expressly so provided. (3) If express authority is attempted, the instrument, to be effective, must express clearly and plainly the person by whom, and the circumstances under which, such authority may be exercised. (4) That in construing such express power, the intention of the parties must be deduced from the instrument undertaking to confer it; that all ambiguities are to be resolved against the person for whose benefit the power is granted and who undertakes to exercise it, and that the grant of such power will be strictly construed. Applying these rules to the instrument before us, if it be said that the meaning thereof is ambiguous, we are bound to resolve the question against the power of appointment.

If Mr. Biles had the option of appointment, such option is embodied in the phrase ''or if for any reason, said holders acting by and through the above described officers, or any one of them, should so desire, . . .'' The words ''acting by and through the above described officers, or any one of them,'' describe the character of holders who possessed the option to appoint. The only holders to whom this description could apply would be corporate holders. If we include individuals under the word ''holders,'' we must strike from the instrument the words ''acting by and through the above described officers, or any one of them.'' It is argued with much force by appellees that the word ''holders,'' being in the plural, refers back and includes both individual and corporate holders. The answer to that could be that the bank might transfer and assign the indebtedness and security to another corporation, as no doubt in the history of this institution has often happened.

Again, if the last paragraph confers upon all holders the power to appoint at option, that part of the instrument conferring the power to appoint if the named trustee should not be present, able or willing to execute the

trust, was not needed, because the blanket power to appoint at option would include and be much broader than the restrictive power to appoint only if the name trustee was not present, able or willing to act.

The trustee in a deed of trust is supposed to be nonpartisan and must in the performance of his duties exercise good faith and act fairly to protect the rights of all parties—the one equally with the other. His is more than a passive trust. His duties are positive and his powers far-reaching. He is entitled to pay for his services. Those with practical experience know that the trustee, in choosing the hour of sale, in the manner of conducting it, and in many other ways, can be, if so disposed, of much benefit to one to whom he may be favorable. Naturally, a beneficiary will select only a person known to him to be friendly. The ex parte power carries possibilities of great advantage. Such sales, while entirely legal, if properly made pursuant to legal provisions, and from the standpoint of economy, may be desirable, lack the safeguards of equity supervision. In this case for instance, the bill alleges, and the demurrer admits, that the property was worth $45,000, and it brought at the sale only $3,000, leaving this lady yet indebted to Mr. Biles in approximately ten thousand dollars, with him owning the land, if the sales are legal, although she had paid close to half of the original debt. This does not mean, of course, and we do not intimate, that the sales were not fairly made, but these facts do illustrate the results which may come about under the method of sales by trustees.

The bill alleges that the named trustee was present, able and willing to act. Mr. Biles had no power to appoint another trustee at his option and desire and the sales conferred upon him no legal title to the lands.

It is not necessary for us to pass upon the other questions raised in this cause.

Reversed and remanded.

**Smith, C. J.**, delivered a dissenting opinion.

The words "said holders" in the clause of this deed of trust under consideration between the words "reason" and "acting" refer, of course, to the preceding words of the clause "any holders of said indebtedness," both of which necessarily include natural persons, and the words "acting by and through the above described officers" should be construed to refer to the corporations who may hold the indebtedness also previously referred to in the same clause. This to me is clearly what the parties intended, and the words they used can and should be construed to so mean.