BILES *et al. v.* WEBB.

(In Banc. Oct. 25, 1943.)

[15 So. (2d) 362. No. 35427.]

Bell & McBee and O. L. Kimbrough, all of Greenwood, and A. L. Whitten, of Sumner, for appellants.

**W. W. Venable**, of Clarksdale, for appellee.

372

Dan C. Brewer, of Clarksdale, for appellee.

Argued orally by **O. L. Kimbrough**, for appellants, and by **Dan C. Brewer** and **W. W. Venable**, for appellee.

**McGehee, J.**, delivered the opinion of the court.

Upon the former appeal of this case, we reversed the decision of the chancery court which had sustained a general demurrer to the bill of complaint filed by the appellee herein, Mrs. Margaret T. Webb, to set aside the sale of lands made by a substituted trustee in deeds of trust executed by said appellee and her husband, Lewis D. Webb, in favor of the Federal Land Bank of New Orleans, Louisiana, and the cause was remanded for further hearing on the ground that the appointment of the substituted trustee who made the sales was made by the appellant herein J. D. Biles as an individual holder by assignment of the indebtedness secured by the deeds of trust, and that such substitutions were unauthorized and void. Thereafter, it developed upon a consideration of the cause on remand that the copies made of the deeds of trust as they appeared of record, and which were made exhibits to the bill of complaint, they being identical in form, were erroneous in that some of the words contained in the clause of the original deeds of trust providing for the appointment of a substituted trustee had been omitted in the recordation of the deed of trust from which the copies had been taken. When this fact was called to the attention of the complainants upon presentations of the original instruments by the defendants, it was agreed that photostatic copies of the original deeds of trust should be filed and considered as exhibits to the

bill at the hearing on another demurrer then interposed to the pleading as thus amended. Thereupon, the court below overruled the demurrer to the amended bill of complaint and granted unto the appellants this appeal.

The clause of the deeds of trust providing for the appointment of a substituted trustee as considered on the former appeal is set forth in full in the second paragraph of the opinion of the court whereby the case of Webb v. Biles et al., 192 Miss. 474, 6 So. (2d) 117, 118, was reversed and remanded. This clause, as it now appears in the exhibits to the bill of complaint, reads as follows: "The said Bank, or any holder of said indebtedness if a person, acting personally; if a corporation, acting by and through either its president, vice-president, or secretary, or other managing authority, is hereby fully authorized and empowered to appoint another and succeeding trustee in the place of the said above named Trustee or his successors, if for any cause the Trustee in this instrument, or his successors, shall not be present, able and willing to execute this trust; or if for any reason the Bank or the said holder or holders acting through described officers, or any one of them, shall so desire, and such appointees shall have full power as Trustee herein."

It is alleged in the bill of complaint that the original trustee named in the deeds of trust was present, able and willing to act at the time of the attempted appointment of the substituted trustee by the said J. D. Biles, and there is no recital contained in the instrument whereby the substitution of the trustee was undertaken to be made by him to the effect that the original trustee was not present, able and willing to act at the time of the execution of the instrument whereby the trustee who made the sales was appointed.

On the former appeal, the court stated in its opinion that the specific question to be decided "is whether the phrase 'or if for any reason, said holders acting by and through the above described officers, or any one of them, should so desire,' confers upon an individual the power to

substitute a trustee at his option, or whether that phrase limits that right to corporate holders."

The question now is whether the phrase "or if for any reason the bank or the said holder or holders acting through described officers, or any one of them, shall so desire" authorizes a substituted trustee to be appointed by an individual holder of the indebtedness thereby secured.

We are of the opinion that there is no material difference in the meaning of the phrase as quoted in the former opinion and as last above quoted, in the light of what precedes this phrase in the clause providing for such appointment; that, therefore, the decision in the case of Webb v. Biles, supra, is the law of the case. Under the opinion then rendered, it was held in effect that the authority for the substitution of a trustee must express clearly and plainly the person by whom, and the circumstances under which, such authority may be exercised, and that all ambiguities are to be resolved against the person for whose benefit the power is granted, and who undertakes to exercise it, and that the grant of such power will be strictly construed. The authorities in support of this view were reviewed in the former opinion. The court then held that the words "acting by and through the above described officers, or any of them" described the character of holders who possessed the option to appoint, that "if we include individuals under the word 'holders', we must strike from the instrument the words 'acting by and through the above described officers, or any one of them,'" and the Court further said that "it is argued with much force by appellees that the word 'holders,' being in the plural, refers back and includes, both individual and corporate holders," and then observed that "the answer to that could be that the bank might transfer and assign the indebtedness and security to another corporation, as no doubt in the history of this institution has often happened." Applying this reasoning of the court in its former opinion to the case as now

presented, it can be said with equal force that the bank might transfer the indebtedness to one or more corporate holders, and that the words now appearing in this clause in the exhibits "or the said holder" would have reference to an individual corporate holder, acting through described officers, to-wit: "Its president, vice-president, or secretary, or other managing authority," being those mentioned in that part of the clause authorizing the appointment of a substituted trustee in the event the original trustee is not present, willing and able to act which precedes the authority conferred upon "the bank or the said holder or holders acting through described officers," to appoint a substituted trustee at will whether the original trustee be present, able and willing to act or not. We make these observations in support of our view that supplying the additional words "the bank or" and the word "holder," wherein the instrument authorizes the appointment of a substituted trustee at will, has not materially changed the meaning of the phrase as considered on the former appeal.

Unless the former decision herein should be overruled, and which we do not think should be done, we are bound by it as the law of the case, and for that reason, if for no other, the judgment of the court below in overruling the demurrer to the bill of complaint as now presented must be affirmed and the cause remanded.

Affirmed and remanded.