384

## CIRCUIT COURT OF FAIRFAX COUNTY

Convista, Inc.

 v.

Fairfax County et al.

November 10, 2003

Case No. (Law) 214710

BY JUDGE JANE MARUM ROUSH

This matter came before the Court on October 24, 2003, on defendant Fairfax County's First, Second, Third, and Fourth Pleas in Bar. The Third Plea in Bar was sustained. The Court took under advisement the First, Second, and Fourth Pleas in Bar. For the reasons stated below, those Pleas in Bar will be overruled.

On February 8, 2000, Fairfax County and Convista, Inc., entered into a contract. The contract called for Convista to deliver and configure software for Fairfax County. The software was designed by a third party and is referred to as Level 8 software. The County data systems with which the Level 8 software was to interface included confidential County information with restricted levels of access. Convista claims, among other things, damages resulting from the County's failure to permit Convista to connect the Level 8 software to the County's data system.

Convista filed its initial Motion for Judgment September 26, 2001. The County filed a Counterclaim on October 23, 2001. The discovery process in the original suit was highly contentious and time consuming. As the case neared the end of discovery and was approaching the date of trial, Convista wanted to nonsuit the case in order to allow more time for discovery. Because the County had filed a counterclaim, however, Convista could not nonsuit the matter without the consent of the County. The parties agreed that Convista would pay the County $250,000 to settle counts I and II of the County's counterclaim in exchange for the County's consent to Convista's nonsuiting

all remaining claims. *See Convista, Inc. v. Fairfax County et al.*, At Law No. 198574, Consent Order for Dismissal of Action by Nonsuit entered December 3, 2002.

On May 30, 2003, Convista initiated the present suit when it filed its "Motion for Judgment after Nonsuit." In response, the County filed the Pleas in Bar presently under consideration.

The County's First and Second Pleas in Bar are based on the doctrine of *res judicata*. The County argues that, when Convista "confessed judgment" upon Counts I and II of the County's counterclaim in the prior lawsuit, Convista admitted the truth of all of the factual allegations contained in those counts. The County further relies on these purported admissions to support its claim that Convista's present claims are barred by *res judicata*.

Specifically, in the First Plea in Bar, the County argues that "Convista's confession of judgment determined conclusively that: (i) Convista 'never delivered the [Level 8 Software] licensing rights' necessary to complete deliverables required by the [contract], and (ii) Convista did not produce deliverables that met the acceptance criteria set forth in the [contract]." Furthermore, the County asserts the confessed judgment is a final judgment that Convista failed to deliver the software license necessary to perform the contract. Therefore, the doctrine *res judicata* bars relitigation of any claims that Convista delivered acceptable deliverables or delivered the Level 8 Software necessary to perform as required by the contract.

In the Second Plea in Bar, the County argues Convista's confession of judgment bars any claim for breach of contract. The County asserts that in confessing judgment upon Counts I and II of the counterclaim, Convista admitted committing the first material breach of the contract, and Convista is therefore barred from maintaining an action against the County for failure to perform.

Although the consent order in the earlier case stated that Convista "has agreed to confess judgment" on Counts I and II of the County's counterclaim, it was clearly intended by the parties that Counts I and II of the counterclaim were being voluntarily settled so that Convista could nonsuit the case, continue discovery, and initiate "subsequent litigation." Under the circumstances of this case, to conclude the December 3, 2002, Consent Order for Dismissal and Nonsuit was intended to be a confessed judgment by which Convista admitted all of the factual allegations of Counts I and II of the counterclaim would require a hyper-technical reading of the order. The court finds that the consent order was a voluntary settlement for the purpose of securing a nonsuit. Convista did not conclusively admit the factual allegations of Counts I and II of the counterclaim. Therefore, the County may not rely on

the factual allegations of the settled counts of the counterclaim to support its *res judicata* arguments. Accordingly, the Court will overrule the County's First and Second Pleas in Bar.

In its Fourth Plea in Bar, the County argues that pursuant to the Fairfax County Purchasing Resolution, the terms of the Contract, and Va. Code § 2.2-4363, Convista failed to give adequate notice of its intent to submit a claim. The County asserts that Convista needed specifically to allege the dollar amount of its $5,000,000 claim when it gave notice. Neither the statute nor the contract requires Convista's notice to quantify its claimed damages. Thus, the Court finds that Convista's letter of February 13, 2001, was timely, and satisfies the notice requirements set forth in the Fairfax County Purchasing Resolution, the terms of the contract, and Va. Code § 2.2-4363. The County's Fourth Plea in Bar will be overruled.