# CIRCUIT COURT OF THE CITY OF NORFOLK

Wachovia Bank, N.A.

v.

John Van Huyck
and Draper & Goldberg, P.L.L.C.

April 1, 2004

Case No. (Law) L03-562

BY JUDGE MARC JACOBSON

This case arises from a foreclosure sale of real property conducted on July 31, 2001. The property, located at 3834 Karlin Circle, Norfolk, Virginia 23502, was owned by Deborah P. Williams. (Pl.'s Suppl. Br. in Supp. Mot. for Decl. J. at 1.) The primary deed of trust is held by Chase Manhattan Mortgage Company (Chase), while a secondary Credit Line Deed of Trust is owned by Wachovia Bank, N.A., Plaintiff. (*Id.* at 1–2.) After Williams defaulted on both deeds of trust, Chase appointed the law firm of Draper & Goldberg, P.L.L.C. (Draper), located in Leesburg, Virginia, to conduct the sale. (*Id.* at 2.) Draper then hired Steven L. Brown, Esq., of the Norfolk law firm of Tolerton & Brown (Tolerton) as an agent to conduct the sale. (*Id.* at 1.) Plaintiff asserts that Brown was hired by Draper to conduct the sale because it was "economically more efficient for Brown to conduct the sale rather than have someone from [Draper] travel from Leesburg, Virginia." (*Id.* at 2, n. 4.) Brown conducted the sale on July 31, 2001; no attorney employed by Draper was present at the sale. (*Id.* at 2.)

John Van Huyck was the successful bidder at the foreclosure sale. However, following the foreclosure sale, Draper refused to convey the property to Van Huyck. (*Id.*) Draper asserts that Chase had instructed them to halt the sale. (*Id.* at 2–3.) Draper, however, failed to inform Brown that Chase had ordered the sale to be halted before the sale was called. (*Id.* at 3.)

Van Huyck then filed an action in the Norfolk Circuit Court seeking

specific performance. (*Id.* at 2.) After Plaintiff intervened in the suit, Van Huyck nonsuited his case after the U.S. Bankruptcy Court for the Eastern District in Norfolk denied his motion for relief from stay. (*Id.*) On February 26, 2003, Plaintiff was granted relief from stay, and thereafter filed a Motion for Declaratory Judgment on March 6, 2003. (*Id.*)

Plaintiff, as secondary lienholder, contends that the foreclosure sale should be set aside because it was not conducted in accordance with Virginia law. Van Huyck, as successful bidder, contends that the sale was valid and demands specific performance. Draper, as substitute trustee, contends that it did not have authority to conduct the sale because its authority to conduct the sale was withdrawn by Chase prior to the sale.

The Virginia Code § 55-59(9) provides:

> The party secured by the deed of trust, or the holders of greater than fifty percent of the monetary obligations secured thereby, shall have the right and power to appoint a substitute trustee or trustees for any reason and, regardless of whether such right and power is expressly granted in such deed of trust, by executing and acknowledging an instrument designating and appointing a substitute. When the instrument of appointment has been executed, the substitute trustee or trustees named therein shall be vested with all the powers, rights, authority, and duties vested in the trustee or trustees in the original deed of trust. The instrument of appointment shall be recorded in the office of the clerk wherein the original deed of trust is recorded prior to or at the time of recordation of any instrument in which a power, right, authority, or duty conferred by the original deed of trust is exercised.

A trustee "can only do with the trust property what the deed, either in express terms or by necessary implication, authorizes him to do." *Williams v. Jones*, 165 Va. 398, 402, 182 S.E. 280, 282 (1935). A trustee cannot delegate his power to sell, even with the consent of the trustee and beneficiary, unless the deed of trust itself grants such authority. The trustee must be personally present and supervise the sale in person. The trustee may, however, employ an auctioneer to cry the sale if the trustee is personally present and directs the sale. 13A Michie's Jur., *Mortgages & Deeds of Trust*, § 102 (2003); *see Turk v. Clark*, 193 Va. 774, 71 S.E.2d 172 (1952); *Smith v. Lowther*, 13 S.E. 999 (W. Va. 1891). This rule follows the common law maxim *delegatus non potest delegare*, which holds that the "person to whom an office or duty is delegated cannot lawfully devolve the

duty·on another, unless he is expressly authorized to do so." *Black's Law Dictionary* 384 (5th ed. 1979); *see De Bussche v. Alt*, 8 Ch. 286 (Eng. C.A. 1878).

In *Turk v. Clark*, 193 Va. 744, 71 S.E.2d 172 (1952), the public sale of an automobile was held to collect the balance of a note for its purchase. The sale was not conducted by the trustees under the note, but was conducted by an attorney acting as their agent. After the sale, the prior owner of the automobile argued that the sale was invalid because neither of the trustees were present at the sale. The court held that the sale was invalid. *Id.* at 749, 71 S.E.2d at 176. The court stated, "[t]he trustee. in selling, acts under a *power* and must conform to the terms of the deed, in respect to the time and manner of giving notice, and the time and manner of sale, as well as in all other particulars." *Id.* at 749, 71 S.E.2d at 175 (quoting 1 *Minor on Real Property* § 640 (2d ed. 1928)). In *Turk*, the note did not grant the trustees the power to delegate their duties. The court went on to say, "It is a principle ... that the trustee is charged with *personal confidence*, and must, therefore, act in person, and not by agent. ... The trustee is the agent of both the debtor and creditor, and though he may employ an auctioneer to cry the sale, it is necessary that he be personally present to direct and supervise the same. That power and duty he may not delegate to another." *Id.* at 749, 71 S.E.2d at 176 (quoting *Minor on Real Property* § 640 (2d ed. 1928)); *see Citizen's Bank of Edina v. West Quincy Auto Auction*, 741 S.W:2d 161, 162–63 (Mo. 1987); *Sloop v. London*, 219 S.E.2d 502, 505 (N.C. App. 1975); *Emery's Motor Coach Lines v. Mellon Nat'l Bank & Trust Co.*, 68 S.E.2d 502 (W. Va. 1951); *Webb v. Biles*, 6 So. 2d 117 (Miss. 1942); *cf. Walker v. Virginia Housing Devel. Auth.*, 63 Va. Cir. 385 (Roanoke 2003) (holding that a trustee sale was valid where the agent that attended the sale was an attorney employed within the firm named as the substitute trustee).

A 1989 opinion from the U.S. Bankruptcy Court for the Western District of Virginia, *In re Smith*, 99 B.R. 724 (Bankr. W.D. Va. 1989), discussed *Turk* and recognized its continued validity. In *Smith*, the debtors bought a farm on which the creditors had deeds of trust. The debtors filed for Chapter 11 bankruptcy. The court lifted a stay and allowed the creditors to foreclose. The creditors substituted one of their employees as the trustee, pursuant to the deeds of trust. The trustee appointed another employee of the creditors to handle the sale, and the property was sold. *Id.* at 726–27. The deed of trust in *Smith* had a provision allowing the trustee to conduct the sale without being present. The Smiths relied on the decision in *Turk* and argued that the sale was invalid because the trustee was not present when it was conducted. *Id.* at 730. The court explained that, in *Turk*, the deed of trust did not provide for any delegation of authority to sell the property; however, the Smiths'

deed did contain such a provision. The court thus held that the parties were contractually bound by their written agreement and that the:

> foreclosure sale was not voidable or void as a result of the failure of the trustee ... to personally attend the auction sale. ... [The parties] bargained away any common law right which they might have to require the trustee's personal attendance at the auction sale. The language of the deed of trust is clear. The parties knew and understood that the trustee had the right to delegate the conduct of the sale to an agent and to absent himself from the sale.

*Id.* at 730.

*Smith,* however, is distinguishable from the instant case because, in this case, the deed of trust did not authorize the delegation of the trustee's power of sale or the trustee's absence from the sale.

In the instant case, the deed of trust grants the beneficiary the right to appoint a substitute trustee for any reason. The applicable language in the deed states:

> In the event of the resignation, death, incapacity, disability, removal, or absence from the State of any Trustee or Trustees, or should either refuse to act or fail to execute this Trust when requested, then any other Trustee shall have all the rights, powers, and authority and be charged with the duties that are hereby conferred or charged upon both; and in such event, *or at the option of the holder of the note and with or without cause, the holder of the note is hereby authorized and empowered to appoint, and to substitute and appoint, by an instrument recorded wherever this Deed of Trust is recorded, a Trustee in the place and stead of any Trustee herein named or any succeeding or substitute Trustee,* which appointed and Substitute Trustee or Trustees shall have all the rights, powers, and authority and be charged with all the duties that are conferred or charged upon any Trustee or Trustees herein named.

(Exhibit 1, pp. 3–4 (emphasis added).)

Pursuant to this provision, Chase created a Deed of Appointment, which appointed Draper as substitute trustee. The Deed of Appointment stated that, Draper "of whom one or any of its authorized agents may act, and said Substitute Trustees in accordance with the provisions of [the deed of trust],

do succeed to all the title, power, and duties conferred upon the Original Trustee(s) by the terms of said deed of trust and by applicable law." (Exhibit 3.)

The language in the deed of trust granted Chase the power to appoint a substitute trustee; it did not, however, grant the trustee (or substitute trustee) the ability to appoint an agent or to not be personally present at the foreclosure sale. Chase utilized its power to appoint a substitute trustee by creating a Deed of Appointment, which appointed Draper as the substitute trustee. If Chase had wanted to appoint Brown as the substitute trustee instead of Draper, it could have done so. Therefore, under current Virginia law, the sale is voidable by Chase, the holder of the note, since Draper was not personally present at the foreclosure sale.

The Virginia Professional Limited Liability Company Act ("PLLC Act"), codified at Va. Code Ann. §§ 13.1-1100 et seq., states in part:

> A professional limited liability company engaged in the practice of law, as a part of the practice of law, may act as an executor, trustee, or administrator of an estate, guardian for an infant, or in any other fiduciary capacity. Any member, manager, employee or *agent of a professional limited liability company engaged in the practice of law who is duly licensed as an attorney in the Commonwealth may perform necessary fiduciary responsibilities on behalf of the professional limited liability company.*

Va. Code Ann. § 13.1-1108 (2002) (emphasis added).

There does not appear to be, nor has any appellate case law been cited interpreting Code § 13.1-1108; however, to hold that the enactment of the PLLC Act in 1992 overturned the *Turk* decision would require a broad interpretation of the statute. Statutes in derogation of the common law must be strictly construed. *Mitchem v. Counts*, 259 Va. 179, 186, 523 S.E.2d 246, 250 (2000). Since the enactment of the PLLC Act in 1992, no Court has held that Code § 13.1-1108 overturned the *Turk* decision, and this Court declines to do so.

The Court holds that under current Virginia law, the sale at issue is voidable by Chase, the holder of the note. Inasmuch as the actual foreclosure sale took place and Van Huyck was not aware of any instructions from Chase to Draper in regard to the sale itself, any issue in that regard is between Chase and Draper.