## L. READY *v.* J. B. HAMM, Admr., et al.

1. TRUSTS AND TRUSTEES — WHEN TRUSTEE MAY BE SUBSTITUTED. — It is only by virtue of express power, conferred in the deed, that the *cestui que trust* can make an appointment, where the trustee dies, resigns, or declines to perform his duty.

2. SAME — WHERE NO POWER — JURISDICTION OF EQUITY. — If there be no instrument conferring the power, a court of equity, which has plenary jurisdiction over trusts, and never permits them to fail for want of a trustee, must be applied to, to supply the omission.

3. SAME — RIGHTS OF ADMINISTRATOR OF TRUSTEE. — In case of a trust coupled with an interest, on the death of the trustee his administrator has no interest either in the legal estate or the execution of the trust; and if he attempt to make a sale, under the deed of trust, he may be restrained at the suit of the *cestui que trust*, or those having an interest in the property.

4. DOWER — ESTATE CREATED BEFORE MARRIAGE, NOT SUBJECT TO DOWER. — The widow's dower being a derivative from the husband's title, cannot be so assigned to her as to defeat incumbrances created by the husband before the marriage.

5. SAME — SAME — CASE AT BAR. — The grantor carved out an estate for life for himself, and conveyed the fee simple, in trust, to pay debts, with remainder to his grand-daughter, second *cestui que trust*, after the debts were paid. The grantor afterward married, and died: *Held*, His widow could not be endowed of the lands, in the first instance, but she might pay off the deed of trust and then be endowed.

6. CHANCERY COURT — CLOUDS ON TITLE — WIDOW AND ADMINISTRATRIX MAY MAINTAIN BILL TO PREVENT. — A widow, who is administratrix of her deceased husband's estate, has such interest in land incumbered by a deed of trust, executed by the husband before marriage, as will enable her to protect the title from confusion and clouds, by restraining the administrator of the deceased trustee from intermeddling with it or the trusts connected with it.

APPEAL from the chancery court of Oktibbeha county. POLLARD, Chancellor.

*Frank Johnston*, for appellant.

*J. S. Pilcher* and *C. A. Sullivan*, for appellees,

Cited 2 Washburne on Real Property, 466, art. 3, 470, art. 9; 3d. ed.; Hill on Trust. 298, 300; 2 Washburne, 473, art. 18.

SIMRALL, J. :

A bill in chancery was brought by L. Ready against J. B. Hamm, administrator of the estate of John M. Hamm,

deceased, having for its object the enjoining of a sale of real estate, about to be made by the said J. B. Hamm, administrator. Upon the demurrer of the defendant the bill was dismissed. From that decree the cause is brought into this court by appeal.

Nicholas. Ready, the husband of the appellant, in his life-time, the 1st January, 1868, executed a deed in trust, conveying a parcel of land therein described to John M. Hamm, to secure a debt for $373 97, embraced in a promissory note in favor of Breed, and S. E. and B. J. Rives. The first trust declared in the deed was, if the note was not paid at maturity, then the trustee should make sale of the property. In the latter part of the instrument this condition was so altered as to permit the grantor to remain in possession during his life-time without rent, and should he fail to pay the debt in his life-time, a sale should not be made until after his death ; and, upon a sale being made, the surplus, after discharging the debt, interest and expenses, should be paid over by the trustee to his grand-daughter, Frances Kennard. Nicholas Ready intermarried with the complainant after he had executed the deed, lived but a short time, and died. The complainant was appointed administratrix of his estate in December, 1870. John M. Hamm, the trustee, has also deceased ; and J. B. Hamm, his administrator, is proceeding, and having advertised the premises, to execute the trust by making a sale of the premises.

It is only by virtue of express power conferred in the deed that the *cestui que trust* can make an appointment, where the trustee dies, resigns or declines to perform his duty. In such cases the authority is regarded as a strict power, to be closely pursued. Gwin v. Pickett, 42 Miss. 80. If there be no instrument conferring the power, then, in case of vacancy, a court of equity, which has plenary jurisdiction over trusts, and never permits them to fail for want of a trustee, must be applied to to supply the omission. Hill on Trustees, 279.

This deed contained no provision for substitution of a trustee, in the event of the death of John M. Hamm. It

being a trust coupled with a power, over the estate, the relation between the trustee and grantor was peculiarly one of confidence. Strictly, the title upon the death of the trustee would devolve upon his heir. Certainly the administrator would have no sort of interest or title in the estate, or the trust attached to it. The steps taken by him to make a sale were purely those of an intermeddler, without the color of right. It would be eminently proper therefore to restrain him, to prevent an embarrassment of the title, at the suit of the *cestui que trust*, or of those having interest in the property, subject to the incumbrance.

Mrs. Ready, the complainant, in her bill claims that the deed created no estate or incumbrance upon the land to the prejudice of her dower right. Having been executed before the marriage, there cannot be a doubt that, at the common law (independent of the statutory modifications), her claim is subordinate to the incumbrance. Her dower estate, being a derivative from the husband's title, cannot be so assigned to her as to defeat prior estates created by the husband. As administratrix, it would be her duty, out of the personal assets, to pay off the debt and relieve the estate of the incumbrance. Simply in her capacity of dowress she could go forward and pay the debt, and thereby entitle herself to dower. Without undertaking in this case to define the extent of her right of dower, in the construction of the last clauses of the deed, looking to the contingency of a sale after the grantor's death, and after satisfying the debt and expenses, appointing the surplus to be paid over to the grand-daughter, we think that the complainant has such interest in the property as to protect the title from confusion and clouds by restraining the defendant from intermeddling with it, or the trusts connected with it.

This brings us to the conclusion that the demurrer to the bill ought to have been overruled.

The decree of the chancery court is reversed, judgment here overruling the demurrer, and cause remanded for plea or answer within sixty days from this date.