L. H. Conard Furniture Co. *v.* Mississippi State Tax Commission.

(Division B.   April 20, 1931.)

[133 So. 652.   No. 29386.]

Thos. L. Bailey, of Meridian, and **Watkins, Watkins & Eager,** of Jackson, for appellant.

Thos. L. Bailey, of Meridian, for appellant.

Walter A. Scott, Jr., Assistant Attorney-General, for the state.

Butler & Snow, of Jackson, Amicus curiæ.

Argued orally by **Thos. L. Bailey,** for appellant, and by **George Butler,** for appellee.

**Anderson, J.,** delivered the opinion of the court.

The appellant, L. H. Conard, trading as L. H. Conard Furniture Company, having its principal place of business at Meridian, in this state, and engaged in selling furniture and household furnishings, filed its petition for mandamus against appellee, the state tax commission, to force the latter to issue to appellant a statewide license authorizing it to peddle its goods over the entire state by means of as many motor vehicles and agents operating the same as appellant might desire.

Appellee demurred to the petition, which demurrer was by the court sustained, and, appellant declining to plead further, the petition for mandamus was dismissed. From that judgment appellant prosecutes this appeal.

Perhaps no better statement of appellant's case could be made than to set out the material parts of its petition, which follows, leaving off the exhibit thereto, the substance of which exhibit will be hereinafter stated:

"That petitioner is a citizen of Meridian, Lauderdale county, state of Mississippi, and is the owner of a retail furniture business operated in said city, county and state, and that he has conducted and operated the said business in said city for a period of nine years.

"That petitioner has paid annually unto the state of Mississippi the privilege taxes prescribed by law for the conduct of said business.

"That said petitioner, in the conduct of his business, sells furniture and house furnishings and merchandise usually carried in a retail store to the public for cash and on credit on what is commonly known as the installment plan, retaining the title to said furniture and merchandise sold in himself until the purchaser has paid the price therefor; that it is necessary for petitioner to employ collectors and to use vehicles in his business, both for the purpose of delivering furniture and household furnishings sold by him to the purchaser and for the purpose of repossessing and returning to his place of business any furniture or household furnishings purchased from him, the purchase price of which the purchaser has failed and refused to pay; that as an incident to the operation of said business, the petitioner has lately sought to reduce his overhead and to increase the volume of business conducted by him at his place of business aforesaid in the city of Meridian, Mississippi, by permitting collectors employed by him to carry certain household furnishings such as carpets, pillows, bed spreads, and other articles carried by him in his store out on their routes and to sell and to offer for sale said articles from the cars of the petitioner and as the agents and representatives of petitioner which said goods are usually carried in general merchandise stores—Delivery of said goods is made at the time of making the sales.

"That at the present time petitioner owns four automobiles, one of which operates in the State of Alabama; two others of the number he uses in connection with his said business in the City of Meridian, principally for the collection of accounts for merchandise sold in the store. One other is used in Newton and Neshoba counties and from the same the agents of petitioner sell and offer for sale household furnishings, furniture and merchandise

carried by him and taken from the stock of merchandise, household goods, and furniture carried by him in his place of business aforesaid.

"That prior to the enactment by the legislature of the state of Mississippi of the 1930 Privilege Tax Law, petitioner purchased a peddler's license for the county of Neshoba, which license expires on January 1, 1931.

"That prior to July 1, 1930, petitioner made application to the State Tax Commission for a state-wide privilege license to engage in the business of transient vendor of merchandise, and the State Tax Commission, acting by and through its duly constituted agent, issued to the petitioner state-wide privilege license number 151 in which said State Tax Commission undertook to limit and restrict the business of the said petitioner to the sale of merchandise by agent with motor vehicle.

"That section 205 of the Privilege Tax Code of 1930 places no such restriction on petitioner and that the State Tax Commissoner, under the law, was obligated to issue a state-wide license to petitioner, authorizing him to conduct the business of transient vendor of merchandise by himself or agents with motor vehicles or vehicles without limitation as to the number or place in the State of Mississippi.

"Your petitioner would further show that he has made demand upon the respondents, the Honorable Lester C. Franklin, Chairman and Commissioner, from District Number Three, the Honorable H. H. Casteel, Commissioner from District Number One, and the Honorable Webb Walley, Commissioner from District Number Two, that they issue to him a Transient Vendor's license authorizing and empowering hm to sell merchandise with motor vehicle, in person or by agents, or either or both, without the imposition of any limitation whatsoever as to the number of agents or the number of vehicles employed in making such sales, and that they have failed, neglected, and refused to issue said license, notwith-

standing the fact that petitioner has paid unto them the sum of three hundred dollars for such license.

"In addition to the failure and refusal of said State Tax Commission aforesaid to issue said license, said commission did, on August 12, 1930, at a meeting thereof which was attended by Honorable H. H. Casteel, Commissioner from the First district, Honorable Webb Walley, Commissioner from the Second district, and Honorable L. C. Franklin, Commissioner from the Third district and Chairman, and Honorable A. S. Coody, secretary, adopt certain rules and reguglations covering the administration of section 205 of House Bill 517 of the Privilege Tax Code of 1930, a copy of the minutes of which proceedings is hereto attached and marked Exhibit 'A' to this petition and asked to be taken as a part hereof, wherein and whereby the said Tax Commission seeks to restrict and limit the rights of petitioner in the sale of merchandise as a transient vendor.

"That Honorable Leigh Watkins, Jr., designated by the said State Tax Commission as Director of License and Sales Division of the Mississippi State Tax Commission, has prepared and is about to send out to the sheriffs and tax collectors of the several counties of Mississippi Regulation No. 205 concerning the construction of section 205 of the Privilege Tax Code of Mississippi of 1930, wherein and whereby said sheriffs and tax collectors are requested and commanded to enforce section 205 of said Privilege Tax Code in the light of the regulation adopted by the commission, the same being Exhibit 'A' to this petition. Petitioner attaches a copy of said proposed order, and marks the same Exhibit 'A-a' and asks that the same be taken as a part hereof.

"Your petitioner would further show that he has made demand upon the said respondent for the issuance of a state-wide license authorizing him to engage in the business of a transient vendor of merchandise, either by himself or agent, or agents, or either or both, but that said

State Tax Commission has failed, neglected and refused to issue said license, notwithstanding the fact that said petitioner has paid unto the said Tax Commission the 'sum of three hundred dollars therefor. Your petitioner would further show that the said respondents by their failure and refusal to issue state-wide license to him as a 'transient vendor of merchandise, either by himself as principal or agent or agents as aforesaid have omitted doing an act, the performance of which section 205 of the Privilege Tax Code of 1930 especially enjoins as a duty resulting from their office, and that there is not a plain, adequate, and speedy remedy in the ordinary course of law for your petitioner.

"Wherefore, your petitioner tenders the license wrongfully and erroneously issued by the said Tax Commissioner and prays a writ of mandamus directed to the said Lester C. Franklin, chairman, and H. H. Casteel and Webb Walley, Commissioners, as aforesaid, commanding them forthwith to issue unto the said petitioner a license as a transient vendor of merchandise, either by himself or agent, or agents, or either or both, in compliance with and under section 205 of the Mississippi Privilege Tax Code of 1930, and the provisions of said Privilege Tax Code of 1930."

There was attached to appellant's petition, as an exhibit, a copy of an ordinance adopted by appellee, construing the statute involved, section 205 of chapter 88 of the Laws of 1930. Appellee conceived that under chapter 238 of the Laws of 1930 it was authorized to construe the statute for the benefit of those officers upon whom devolved the duty of collecting privilege taxes, as well as those liable to such taxes. Appellant contends that, under the statute, on the payment by it to appellee of the sum of three hundred dollars, it was entitled to a state-wide license authorizing it to peddle its goods over the state through agents in motor vehicles

without limit as to number. Section .205 of chapter 88 of the Laws of 1930, is in this language:

"Upon each person (whether principal or agent) going from person to person and/or from dealer to dealer and selling, at retail and/or at wholesale, any goods, wares and/or merchandise usually carried for sale in a general merchandise store and making delivery thereof at the time of the sale thereof, as follows:

"(1) On foot ..............................$15.00
"(2) With push cart or bicycle ............ 25.00
"(3) With pack animal .................... 40.00
"(4) With vehicle and draft animal or animals or with motor vehicle or with motorcycle, or with water craft.....100.00

"Provided the provisions of this section shall not apply to a person selling dairy, poultry and/or farm products raised, produced or grown by himself and/or products manufactured, preserved, bottled and/or canned by himself.

"The taxes levied by this section are for 'State License.' A state-wide license may be procured by paying three times the license levied herein."

The ordinance adopted by appellee construing the statute, after reciting that it had become necessary, as authorized by chapter 238 of the Laws of 1930, for appellee to adopt rules and regulations providing for the administration of section 205 of chapter 88 of the Laws of 1930, contains, in substance, these provisions: That the privilege tax provided by the statute shall apply to each person carrying on the business of a transient vendor of merchandise, whether the person be principal or agent; that the license shall be obtained by each person exercising the privilege thereunder, whether on foot, with push cart, or bicycles, with pack animals, with vehicles and draft animal or animals, or with motorcycles or motor vehicles, or with water craft, and that the driver or operator of any of the conveyances mentioned in the statute

shall have at all times a license in his actual possession at the time of carrying on such business. That any person, firm, or corporation carrying on such business shall first secure a license for so doing for any agent carrying on the business in any of the ways set out in the statute, and that such agent shall have in his actual possession the license granting the privilege of traveling ''from person to person and/or from dealer to dealer and selling . . . goods, wares and/or merchandise,'' and that the payment of three times the tax for a state-wide privilege license shall only authorize the use of one of the methods of conveyance provided in the statute.

Paragraphs 3, 5, and 6 of section 2 of chapter 238 of the Laws of 1930 provide, among other things, that the state tax commission shall confer with and advise assessing officers, boards of supervisors, and other county officers as to their duties relative to taxation under the law; that it shall promulgate and have printed for distribution to revenue officers and taxpayers instructions for the enforcement of the privilege tax laws of 1930, and promulgate rules and regulations governing the application of such privilege tax laws, and prepare and have printed in pamphlet form full instructions governing the application of the revenue laws of the state.

It will be observed that the construction put upon the statute by appellee is contrary to that contended for by appellant. The appellee was charged by statute with the duty of construing and applying the privilege tax statute, and advising the proper revenue officers of the state of such construction and application. As shown, appellee did that. The statute is not clear in its language. It is a well-settled rule that the contemporaneous construction of a statute by the department of the government charged with its execution and application, especially when it has long prevailed, while not controlling, is nevertheless entitled to great weight, and should not be disregarded or overturned except for most convincing rea-

sons, and unless it be clear that such construction is erroneous. 25 R. C. L., p. 1043, section 274.

It is true we have here, not a construction of the statute by a department of the state government which has long prevailed, for the statute was only passed in 1930. But we do have a construction by a department of the state government by authority of a statute expressly authorizing such department to construe the particular statute involved. This construction, although not controlling, we think should be, and is, persuasive with the court.

Leaving out of consideration, however, the weight to which appellee's construction of the statute may be entitled, we are of opinion that that construction is the correct one. The privilege tax is imposed upon "transient vendors of merchandise." It is imposed upon each person, whether principal or agent, going from person to person, or from dealer to dealer, and selling at retail or wholesale goods, wares, and merchandise usually carried for sale in general merchandise stores, and making delivery thereof either in person or through an agent (1) on foot, (2) with pushcart or bicycle, (3) with pack animal, (4) with vehicle and draft animal or animals, or with motor vehicles, or with motorcycle, or with water craft.

This statute has nothing to do with the privilege tax on the principal's main place of business; that is covered by another provision of the statute. The outstanding purpose of the statute is to impose a tax on hawkers and peddlers; and, if the hawkers and peddlers do not go out on their own account, but as agents of some person, firm, or corporation, they must each obtain and carry along a privilege tax license authorizing them to pursue the business. It is wholly immaterial whether they pay a privilege tax or their principal pays it.

Section 226 of chapter 88 of the Laws of 1930, bears out this construction. It provides, among other things, that every privilege license shall be kept posted in a conspicuous part of the place of business of the person to

whom the license has been issued, where the business is carried on at a permanent location; otherwise the licensee "shall have such license in his actual possession at the time of carrying on such business or doing the act named." Temple v. Sumner, 51 Miss. 13, 24 Am. Rep. 615, although not squarely in point and controlling on this question, is strongly persuasive of appellee's position.

The court held in that case that, under section 1735, et seq., of the Revised Code of 1871, the privilege tax therein imposed was for a personal privilege, conferring the authority upon the individual actually selling the goods, and that it was an occupation tax, not a tax on the goods, and that it was incumbent on the hawker or peddler who carried on the occupation to take out the license, whether he be agent or owner of the goods. In discussing the question, the court said: "If the construction contended for by the plaintiff should be adopted, the door would be opened wide to defeat the policy of the law. Mr. Sumner need only take out license for himself, and under it, put a half dozen canvassers in the field to operate under it in the sale of his wares."

What was said in that case of the statute there involved is true of the statute here involved. The outstanding feature of this statute is to provide for a license on the business of hawking and peddling. State v. Grenada Compress Co., 123 Miss. 191, 55 So. 137, and other cases along that line cited in the brief of appellant are not in point here. For illustration, take the Compress Company case; the statute there involved provided a certain privilege tax on each "compress company," not on each compress. The Grenada Compress Company was a corporation and owned several compresses. The state claimed that the company was liable for the privilege tax provided by the statute on each compress it owned. The court held to the contrary,

because the statute did not impose a tax on each compress, but on each compress company.

We are not unmindful that all taxing statutes are to be construed most strongly against the taxing power. We do not think we are violating that principle in placing the above construction on the statute here involved. We are resolving the doubts against the taxing power.

In construing a statute of doubtful meaning, the consequences of any particular construction should be considered, whether they be good or bad. If appellant's construction of the statute here involved should be adopted, at least two harmful results would follow—namely, (1) the state would probably be deprived of a considerable amount of revenue; (2) any person, firm, or corporation with sufficient means, on the payment of one privilege tax, would be enabled to put before the door of every family in the state a retail mercantile store, in competition with thousands of retail merchants, each paying the privilege tax required by law for his business. We are unwilling to put any such construction upon a statute, unless we are forced to do so by its unmistakable and imperative terms. We do not think that this is such a statute.

Affirmed.