WILKINSON *et al. v.* FEDERAL LAND BANK OF NEW ORLEANS.

(Division B. Oct. 16, 1933. Suggestion of Error Overruled Jan. 8, 1934.)

[150 So. 218. No. 30559.]

(Division B.   Jan. 8, 1934.)

[151 So. 761.   No. 30559.]

Thos. H. Haman, of Houston, for appellant, W. A. Wilkinson.

J. H. Ford, of Houston, for appellant, J. L. Ward.

Herbert M. Fant, of New Orleans, Louisiana, for appellee.

T. H. Hedgepeth, Herbert M. Fant, both of New Orleans, Louisiana, and T. M. Thomas, of Tupelo, for appellee.

652

Wells, Wells & Lipscomb, of Jackson, **J. M. Thomas,** of Tupelo, **T. H. Hedgepeth** and **Herbert M. Fant,** both of New Orleans, for the Federal Land Bank of New Orleans, in support of suggestion of error.

**Watkins & Eager,** of Jackson, amicus curiae, in support of suggestion of error.

Shands, **Elmore** & **Causey**, of Cleveland, amici curiae,

Argued orally by **Thos. L. Haman,** for appellant, and by **T. H. Hedgepeth,** for the appellee.

**Anderson, J.,** delivered the opinion of the court.

Appellee filed its bill in the chancery court of Chickasaw county against W. A. Wilkinson and J. L. Ward, who are the appellants, and R. W. Paden to quiet and establish its title to certain lands in Chickasaw county bought by it at a mortgage foreclosure sale, and to recover a deficiency judgment against the defendants in the sum of approximately five thousand dollars.

In 1922 Wilkinson was a member of the Houston National Farm Loan Association of Houston, in this state, and the owner of one hundred shares of stock of the association. He obtained a loan from appellee in the sum of ten thousand dollars, giving a note therefor and a mortgage on his lands in Chickasaw county to secure the note.

In 1923 Wilkinson conveyed the mortgaged lands to appellant J. L. Ward in consideration of Ward's assuming the balance due on the mortgage indebtedness to appellee; other considerations were mentioned in the conveyance. The assumption of the indebtedness to appellee was set forth specifically as a part of the consideration for the conveyance.

In 1924 Wilkinson and Ward joined in a written application to the Houston National Farm Loan Association requesting that Wilkinson's stock in the association be

transferred to Ward. In the application Ward reasserted his assumption of the mortgage indebtedness to appellee and agreed to carry out all the conditions and stipulations contained in the original application of Wilkinson. Appellee was given notice of the application for the transfer of the stock from Wilkinson to Ward and approved the same and recognized Ward as principal mortgagor.

In 1928 Ward conveyed the mortgaged property to R. W. Paden in consideration of Paden's assuming the balance due on the mortgage indebtedness and other considerations mentioned in the deed. The assumption by Paden of the mortgage indebtedness was expressly and plainly set forth in the conveyance. On the same day the conveyance was made from Ward to Paden, they both joined in a written application to the Houston National Farm Loan Association and appellee requesting the association to admit Paden to membership therein and that Ward's stock in the association be transferred to Paden, and that Paden be recognized and accepted as the principal mortgagor ''with the reservation that neither the original borrower nor any subsequent transferees shall be released from the obligation until it is fully paid.'' The stock was accordingly transferred to Paden with the approval of appellee, and thereafter appellee recognized Paden as the principal mortgagor.

On August 5, 1929, default having been made in the payment of the mortgage indebtedness, foreclosure took place under the power of sale by the trustee, and the property was bought in by appellee for the sum of five thousand dollars. Upon demand of appellee, Paden and his tenants refused to surrender possession of the lands. Thereupon appellee filed its bill in this case to quiet and establish its title to the lands and to recover possession thereof and a deficiency judgment.

The published notice of the sale set forth the name of the original mortgagor, Wilkinson, but did not set forth

the name of Paden. Appellants contend that for that reason the foreclosure sale was void. The applicable provision of section 2167, Code 1930, is in this language: "And such notice and advertisement shall disclose the name of the mortgagor or mortgagors whose property is advertised for sale. No sale of lands under a deed of trust or mortgage shall be valid unless such sale shall have been advertised as herein provided for, regardless of any contract to the contrary." This provision of the statute did not appear in the Code of 1906 (section 2772). That section of the Code was amended by chapter 180, Laws of 1908; the only change made in the statute by this amendment was the provision of the statute quoted above as it appears now in section 2167, Code 1930.

In volume 3 (8 Ed.) of Jones on Mortgages, sections 2285-2288, there is a discussion of the origin and history of the foreclosure of mortgages in pais. The author says, among other things, in section 2285: "Powers of sale in a mortgage are contractual, and as there are many opportunities for oppression in their enforcement courts of equity are disposed to scrutinize them, and to hold the mortgagee to the letter of the contract."

The statute is in derogation of common law and must be strictly pursued. It will be noted that the statute itself, in effect, so provides, for it expressly declares all sales made in violation of this clause shall be void. What does the phrase in the statute "mortgagor or mortgagors whose property is advertised for sale" mean? Is the statute satisfied if the advertisement states alone the original mortgagor and fails to name the last vendee through the original mortgagor—in this case, Paden? Ward and Paden were as truly mortgagors as was Wilkinson; they assumed the mortgage indebtedness as a part of the consideration of their conveyances, and this was done with appellee's knowledge and approval, and after each conveyance the vendee was recognized as the principal mortgagor. When the foreclosure took place

neither Wilkinson nor Ward owned the land, but Paden did. Paden was therefore a mortgagor whose property was advertised for foreclosure. The policy of the statute is that those who own the mortgaged premises have notice—constructive notice—of the time and place of the foreclosure sale, so that they can be present and bid or have bidders present to protect their interests. Wilkinson and Ward were interested, but not so much so as Paden. Paden was the mortgagor in possession; he was the mortgagor whose property was advertised for sale. That could not be said of either Ward or Wilkinson. Still, Ward and Wilkinson were interested in Paden having notice, for, under the law, Paden had become the principal debtor and Ward and Wilkinson, his sureties, in the order named. Gilliam v. McLemore, 141 Miss. 253, 106 So. 99, 43 A. L. R. 79. We hold, therefore, that the failure to name Paden in the advertisement as mortgagor rendered the sale void.

Appellee contends, however, that the sale ought to be upheld "on account of the dire consequences that would flow from a contrary construction of the statute," and to sustain that contention it refers to the case of Conard Furniture Co. v. Mississippi State Tax Commission, 160 Miss. 185, 133 So. 652, 656. In that case the court held that in construing a statute of doubtful meaning "the consequences of any particular construction should be considered, whether they be good or bad." The trouble about that argument is we have here a statute which, in our judgment, is not of doubtful construction; it just says "mortgagor or mortgagors whose property is advertised for sale." That signifies Paden in this case and nobody else. He was the mortgagor whose property was advertised for sale and the *only* one whose property was advertised for sale.

Reversed, and bill dismissed.

## On Suggestion of Error.

**Ethridge, P. J.,** delivered the opinion of the court on suggestion of error.

Various suggestions of error by the appellee and by several attorneys amici curiæ have been filed challenging the opinion heretofore rendered in this case.

We have given the suggestions of error careful and protracted consideration, have examined the available authorities, and we think the decision recently rendered in this case is correct. The statute involved is section 2167, Code 1930, which was chapter 180, Laws 1908, reads as follows:

*"How Lands Sold Under Mortgages and Deed in Trust.*—All lands comprising a single tract, and wholly described by the subdivisions of the governmental surveys, sold under mortgages and deeds of trust hereafter executed, shall be sold in the manner provided by section one hundred and eleven of the constitution for the sale of lands in pursuance of a decree of court, or under execution. All lands sold at public outcry under deeds of trust hereafter executed, or other contracts hereafter made, shall be sold in the county in which the land is located, or in the county of the residence of the grantor, or one of the grantors in the trust deed, provided that where the land is situated in two or more counties, the parties may contract for a sale of the whole in any of the counties in which any part of the land lies. Sale of said lands shall be advertised for three consecutive weeks preceding such sale, in a newspaper published in the county, or, if none is so published, in some paper having a general circulation therein, and by posting one notice at the courthouse of the county where the land is situated, for said time, and such notice and advertisement shall disclose the name of the mortgagor or mortgagors whose property is advertised for sale. No sale of lands under

a deed of trust or mortgage shall be valid unless such sale shall have been advertised as herein provided for, regardless of any contract to the contrary. An error in the mode of sale such as makes the sale void will not be cured by any statute of limitations, except as to the ten-year statute of adverse possession."

It is argued that the term "mortgagor" or "mortgagors" whose property is advertised for sale, only refers to the original mortgagor, and does not apply to one who has assumed the mortgage debt, although such assumption was by the consent and with the acquiescence of the mortgagee, as in this case.

The term "mortgagor" is to be construed in connection with the whole statute, having in view the purpose and object to be attained by the statute. In 5 Words & Phrases, First Series, page 4607, it is defined as follows: "The term 'mortgagor,' as used in Comp. Laws, section 4365, providing that when a mortgage has been satisfied the mortgagee must, on demand of the mortgagor, execute a release, includes grantee or heir. Jones v. Fidelity Loan & Trust Co., 63 N. W. 553, 555, 7 S. D. 122." In the same book: "Under Revised Statutes, sections 4150, 4151 [Ohio] providing that mortgages not followed by a change of possession shall be void as to subsequent mortgages, etc., recorded as required by the latter section, which provides that the mortgage shall be deposited with the clerk of the township where the mortgagor resides at the time of the execution thereof, it is held that the term 'mortgagor' means each mortgagor, and so a mortgage of goods and chattels, executed by members of a partnership—one of whom lives in the county where the property is situate, and the other in another county of this state—upon property jointly owned by them, which is not accompanied by an immediate delivery, and followed by an actual and continued possession, of the things mortgaged, is void as against an assignee for the benefit of creditors of such mortgagors, subsequently appointed,

unless, pursuant to Revised Statutes, section 4150, the mortgage, or a true copy thereof, be properly filed in the township where each of the mortgagors resides, notwithstanding the fact that such assignee had, at the time of the execution of the mortgage and of the assignment, full knowledge of the execution and filing of the mortgage in the township where one of said mortgagors resided and where the goods and chattels were situate," citing Westlake v. Westlake, 47 Ohio St. 315, 24 N. E. 412.

In 3 Words & Phrases, Second Series, page 458, under the title "Mortgagor" it is said: "Revised Codes 1899, section 5845 (N. D.), authorizing a suit by a 'mortgagor' to restrain foreclosure by advertisement, includes any person claiming title to the mortgaged premises under and in privity with the original mortgagor," citing Scott v. District Court, 15 N. D. 259, 107 N. W. 61, 62. It is also said: "As used in Revised Codes 1905, section 7454 (N. D.), providing that when the mortgagee or his assignee has commenced foreclosure proceedings by advertisement, and it shall be made to appear by the affidavit of the mortgagor that the mortgagor has a legal counterclaim or any other valid defense, foreclosure may be enjoined, the word 'mortgagor' includes persons in privity to and claiming under the mortgagor; and a subsequent mortgagee may take the necessary affidavit and enjoin the sale," citing State v. Buttz, 21 N. D. 540, 131 N. W. 241. Again in this same volume it is said: "As used in Revised Statutes 1899, section 4342 [Mo. (Mo. St. Ann. sec. 3060, p. 1890)], requiring the inclusion of the mortgagor and actual tenant or occupier of the land among the defendants in all actions to foreclose mortgages, the term 'mortgagor,' so far as it relates to the foreclosure of the equity of redemption, refers to the actual owner of the equity, who is an indispensable party to any kind of a foreclosure proceeding, but the absence of the grantor in a deed of trust constitutes no defect of parties, where, prior to such action, he has conveyed his

equity of redemption,'' citing McCauley v. Brady, 123 Mo. App. 558, 100 S. W. 541.

In Wood v. Schwartz et al., 212 Iowa, 462, 236 N. W. 491, it was held that the term "mortgagor" is one who holds title to mortgaged premises; and that, where a husband owned land, and his wife signed a mortgage with him, she was not a mortgagor and was not bound to pay the taxes.

The Michigan court held to the contrary in Oades v. Standard Savings & Loan Association, 257 Mich. 469, 241 N. W. 262. In that case it was held naming of the mortgagor was mandatory; that the courts may not disregard positive provisions of statutes; that slight and inconsequential irregularities in notices of sale will not vitiate same; and that execution by a wife of husband's mortgage does not bar her right of dower, but subjects it to the lien, and that the wife was a mortgagor.

In Grasswick v. Miller, 82 Mont. 364, 267 P. 299, it was held that a wife, who joined in execution of her husband's note as one of the makers, and executed a mortgage to secure the note, became the mortgagor within the meaning of Revised Codes 1921, section 8255, providing that mortgagor's after acquired title inures to mortgagee, notwithstanding claim that mortgage was signed by her merely for purpose of relinquishing inchoate dower right, mortgagor being person who makes the mortgage. At page 303 of the Pacific report, the Supreme Court said: "However, a mortgagor is 'he who makes a mortgage' (Bouv. Law Dict.), and the plaintiff, who assumed personal liability for the debt attempted to be secured by the mortgage, became a mortgagor within the meaning of section 8255, above. In Lohman State Bank v. Grim, 69 Mont. 444, 222 P. 1052, this section was held to estop the wife of Grim under circumstances wherein the equities of the wife were much stronger than those of this plaintiff, and under fact conditions analogous to those of the

present case, except that the filing made was under the Homestead Act instead of the Desert Land Act."

It will be seen from these authorities that the term "mortgagor" has been given various meanings, and frequently includes one who has assumed payment of a mortgage, or one who stands in privity to a mortgagor.

It is well settled in this state that where a person assumes a debt owed by another, secured by a mortgage on land or otherwise, the mortgagee may maintain a suit against such person. Barnes v. Jones, 111 Miss. 337, 71 So. 573, Dodge v. Cutrer, 100 Miss. 647, 56 So. 455, Lee v. Newman, 55 Miss. 365, and Gilliam v. McLemore, 141 Miss. 253, 106 So. 99, 43 A. L. R. 79. It is also well settled that persons foreclosing mortgages by sales in pais should carefully follow the conditions embraced in the deed of trust, including the pertinent statutes which will be read into the deed of trust. Jones v. Salmon, 128 Miss. 508, 91 So. 199, Rawlings v. Anderson, 149 Miss. 632, 115 So. 714, and McCaughn v. Young, 85 Miss. 277, 37 So. 839. The manifest purpose of the legislative amendment in 1908 to section 2772, as it stood in the Code of 1906, was to require a foreclosure in pais to disclose the name of the mortgagor. We cannot disregard that part of the statute reading "whose property is advertised for sale." That was intended to apply to persons who owned the property at the time of the sale and who had assumed the mortgage debt. We have no doubt it was within the power of the Legislature to require notice to be given so as to disclose the name of the one who had assumed the debt, and who owned the property at the time of the sale.

However, we think the Legislature was actuated by the purpose of giving notice not only to the original mortgagor, but to the general public as well, by disclosing the name of the person who had assumed the mortgage, so that such person and his friends, relatives, and creditors,

and the general public also, might be induced to bid on the property. Yellowly v. Beardsley, 76 Miss. 613, 24 So. 973, 71 Am. St. Rep. 536. This purpose is manifest from the statute referred to above.

We are of opinion that the statute is clear, and we cannot avoid the effect of noncompliance therewith, although it may impose regrettable hardship upon persons who have not observed its provisions. The law in this state is favorable, on the whole, to creditors, but, in regard to foreclosure notices, the Legislature has imposed conditions designed to benefit mortgagors.

Finally, we are presented with the argument that the practice of members of the bar has been not to name consequent mortgagors who have assumed the original mortgage debt, and that, if they were in error in their construction of the statute, such error has been committed so often as to be condoned by the maxim, ''communis error facit jus'' (common error sometimes passes current as law).

There is nothing by which we can assume that the members of the bar have, in fact, construed the statute as contended. We have no method of knowing the extent to which the erroneous constructions have been applied in foreclosure sales. There is no room for the application of the maxim in this case.

It is finally urged that we should not have dismissed the bill, but should have retained it for the purpose of legal foreclosure under the deed of trust.

It appears that alternative relief was prayed for. The suggestion of error will be overruled, but the cause will be remanded for further proceedings in conformity to the views in this opinion.

Suggestion of error overruled and cause remanded.